UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10–cv–60019 (Jordan)

CITICORP NORTH AMERICA, INC., *et al.*,

       Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.,* ,

       Appellee.
_____/

## NOTICE OF RELEVANT FILING

       The Official Committee of Unsecured Creditors files this notice to inform the Court of a relevant filing in a related appeal, 10-cv-60017-GOLD.  That filing—the Reply of the Official Committee of Unsecured Creditors to the Senior Transeastern Lenders' Response to Judge Jordan's Direction Regarding Certain Consolidation Issues—is attached as Exhibit A.

April 14, 2010

        Respectfully submitted,

        By:     /s/ *Patricia A. Redmond*
              Patricia A. Redmond (Fla. Bar No. 303739)
              STEARNS WEAVER MILLER WEISSLER
              ALHADEFF & SITTERSON, P.A.
              150 West Flagler Street, Suite 220
              Miami, FL 33130
              Telephone: (305) 789-3553
              Facsimile: (305) 789-3395
              predmond@stearnsweaver.com

              Lawrence S. Robbins  *pro hac vice*
              Alan D. Strasser  *pro hac vice*
              Michael L. Waldman  *pro hac vice*
              Eric J. Feigin  *pro hac vice*
              **ROBBINS, RUSSELL, ENGLERT, ORSECK,**
              **UNTEREINER & SAUBER LLP**
              1801 K Street N.W., Suite 411-L
              Washington, DC 20006
              Telephone: (202) 775-4500
              Facsimile: (202) 775-4510
              lrobbins@robbinsrussell.com
              astrasser@robbinsrussell.com
              mwaldman@robbinsrussell.com
              efeigin@robbinsrussell.com

              *Counsel for the Official Committee of*
              *Unsecured Creditors of TOUSA, Inc., et al.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10–cv–60017 (Gold)

3V CAPITAL MASTER FUND LTD., *et al.*,

      Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.*,

      Appellee.
_____/

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE SENIOR TRANSEASTERN LENDERS' RESPONSE TO
JUDGE JORDAN'S DIRECTION REGARDING CERTAIN CONSOLIDATION ISSUES**

      The Committee files this reply in order to respond to two erroneous assertions in the Senior Transeastern Lenders' position statement on consolidation. See Dkt. # 67 [hereinafter "STL Response"]. The first erroneous assertion is that doubt exists regarding whether this Court may sit as a three-judge panel. See STL Response 5–7. In point of fact, the Supreme Court has repeatedly blessed that practice. There is accordingly no danger that the Eleventh Circuit would consider the procedure to be reversible error—especially if the Senior Transeastern Lenders (who studiously avoid taking a firm position on the issue) lodge no formal objection.

      The second erroneous assertion is that there is "no overlap of defendants" between the Senior Transeastern Lenders and the other defendant-appellant groups in the related appeals (the First Lien Lenders and the Second Lien Lenders). STL Response 4. In point of fact, there is substantial overlap. A number of defendants are in more than one group, and the same defendant—Monarch Master Funding, Ltd.—is the largest stakeholder in *each* defendant group

filing an appeal. As a First Lien Lender, Monarch owns 50% of the First Lien debt; as a Second Lien Lender, Monarch owns over 75% of the Second Lien debt; and as a Senior Transeastern Lender, Monarch owns nearly 40% of the Senior Transeastern debt. And not only has Monarch improperly signed on to three separate notices of appeal, but it also has filed three different position statements on consolidation—two in favor, one opposed. Should the Court ultimately decline to consolidate the appeals, it should at the very least limit Monarch (and the other overlapping lenders) to only a single appeal from the single judgment against it.

I.     **This Court Can Sit as a Three-Judge Panel.**

Although the Senior Transeastern Lenders try to create anxiety about the procedure, there is no question that this Court may, if it so chooses, hear these appeals as a three-judge panel. Congress has empowered the "district courts of the United States" to hear bankruptcy appeals. 28 U.S.C. § 158(a). And it is well-established that the authority of a "district court[] of the United States" may be exercised by a three-judge panel, even in the absence of a statute expressly requiring one. See, *e.g.*, *Tape Industries Ass'n of America* v. *Younger*, 316 F. Supp. 340, 347 (C.D. Cal. 1970) ("[J]udges do have authority to sit as a non-statutory Three-Judge Court in a suit that could be disposed of by a single District Judge."). Indeed, this Court itself, sitting *en banc*, has specifically acknowledged the procedure. See *United States* v. *Anaya*, 509 F. Supp. 289, 293 n.2 (S.D. Fla. 1980) (*en banc*) (citing *Lucas* v. *"Brinknes" Schiffahrts Ges*, 379 F. Supp. 759 (E.D. Pa. 1974); *Turner* v. *Transportacion Maritima Mexicana S.A.*, 44 F.R.D. 412 (E.D. Pa. 1968); *Close* v. *Calmar S.S. Corp.*, 44 F.R.D. 398 (E.D. Pa. 1968)). As Wright and Miller explain, in a passage quoted only in part by the Senior Transeastern Lenders:

> On occasion a district court may choose to have three of its judges, or some other number greater than one, sit in a particular case, but such a court has the same powers and procedure as a single judge would in any other district court case and review is in the court of appeals as in any other case. That rather rare use of three judges *has not caused any problem.*

17A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4234 (3d ed.) (emphasis added; footnote omitted); see also *id.* n.2 (citing examples).

The Supreme Court has placed its imprimatur on the three-judge-panel practice in a series of decisions holding that a court of appeals can properly review the judgment of a district court that sat as a nonstatutory three-judge panel. See, *e.g.*, *Bd. of Regents of Univ. of Texas Sys.* v. *New Left Educ. Project*, 404 U.S. 541, 545 (1972); *Moody* v. *Flowers*, 387 U.S. 97, 104 (1967); *Pa. Public Utility Commission* v. *Pa. R.R.*, 382 U.S. 281, 282 (1965) (*per curiam*); *Phillips* v. *United States*, 312 U.S. 246, 254 (1941); *Wilentz* v. *Sovereign Camp, W.O.W.*, 306 U.S. 573, 582 (1939). These decisions all follow the same general pattern: A federal statute requires that a certain type of case be heard by a three-judge panel with direct appellate review to the Supreme Court. See, *e.g.*, *Wilentz*, 306 U.S. at 575 (citing what was then § 266 of the Judicial Code). A district court, believing that a particular case falls within the statute, sits as a three-judge panel and enters judgment. See, *e.g.*, *id.* at 576. The losing party then appeals directly to the Supreme Court, which concludes that the case actually does *not* fall within the statute, and thus there is no express statutory authority for a three-judge panel or a direct appeal to the Supreme Court. See, *e.g.*, *id.* at 582. But rather than concluding that the case must start over with a single district judge, the Supreme Court instead concludes that the proper course would have been for the relevant circuit court of appeals to review the three-judge panel's

ruling.[1]  See, *e.g.*, *ibid.* ("As the case was not one for which a court of three judges is prescribed by § 266, no appeal lies to this Court . . . .  But . . . appellants have already taken an appeal from the decree below to the Court of Appeals for the Third Circuit, and it thus appears that their [appellate] remedy will be preserved by dismissing the appeal to this Court without more.").

The Supreme Court's no-harm-no-foul approach in these cases refutes the possibility that there is some sort of jurisdictional problem with a district court sitting as a three-judge panel.[2] If, as the Senior Transeastern Lenders halfheartedly suggest, that procedure is proper only when a statute expressly provides for it, each of the above-cited cases would have turned out differently.  The three-judge panel's judgment would have been a complete nullity; not even the court of appeals could have reviewed it; and the parties would have had to redo the entire case from scratch.

Instead, the Supreme Court expressly said that if "a timely appeal [is] taken to the circuit

---

[1] The Supreme Court ultimately disposed of these cases in one of two ways.  Where the losing party filed a protective notice of appeal to the circuit court of appeals in addition to filing a direct appeal to the Supreme Court, the Supreme Court simply allowed the circuit appeal from the three-judge-panel decision to proceed and dismissed the Supreme Court appeal.  See, *e.g.*, *Wilentz*, 306 U.S. at 582.  (In *Wilentz*, the circuit court ultimately vacated the district court's judgment based on a stipulation by the parties. See 108 F.2d 1022, 1022–23 (3d Cir. 1939) (*per curiam*).)  Where the losing party did not file a protective notice of appeal, the Supreme Court preserved the losing party's appeal rights by vacating  the district court's judgment so that the district court "may enter a fresh decree from which appellants may, if they wish, perfect a timely appeal to the circuit court of appeals." *Phillips*, 312 U.S. at 254; see also  *New Left Educ. Project* v. *Bd. of Regents of Univ. of Texas Sys.*, 472 F.2d 218, 220 (5th Cir. 1973) ("[T]he Supreme Court vacated the original judgment, not because the judgment was void, but because appellant had taken its appeal to the wrong tribunal."), *judgment vacated by* 414 U.S. 807 (1973).

[2] In many, if not all, of these cases, the three-judge panel consisted of two district court judges and a circuit judge, because that is what statutes requiring three-judge panels generally direct.  But there is no reason that substituting a third district judge in place of the circuit judge would make the panel *less* able to exercise district-court authority.

court of appeals [a] decree . . . could [be] reviewed there, though rendered by three judges." *Phillips*, 312 U.S. at 254.  Accordingly, the Senior Transeastern Lenders' suggestion that the Eleventh Circuit "could decide (*sua sponte* or otherwise) that [a] three-judge panel . . . lacked jurisdiction to act as such" (STL Response 6) is simply a chimera.  And in any event, any remote chance that the Eleventh Circuit might question the propriety of a three-judge panel should disappear completely if all parties consent to the procedure.  To date, every party except the Senior Transeastern Lenders has consented.  See Dkt. # 69 at 1 (debtors "consent[] . . . to the extent [the procedure] is procedurally proper"); No. 10-cv-60018, Dkt. # 59 at 2 (Second Lien Lenders "believe that the Related Appeals ought to be heard by a panel of Three District Court Judges"); No. 10-cv-60019, Dkt. # 62 at 2 (First Lien Lenders "do not object to having this appeal . . . heard before three district judges sitting as an appellate panel"); No. 10-cv-60019, Dkt. # 63 at 1 (Committee "supports" a three-judge panel). [3]  The Senior Transeastern Lenders, however, are trying to keep their options open by expressing vague and unfounded concerns while failing either to object or consent to a three-judge panel.  But it is improper for them simply to lie in wait and object only if the case ultimately does not go their way.  If they have an actual objection, they should say so (and provide valid reasons); if they do not, the Court should make clear on the record that they have forfeited their opportunity to contest the three-judge panel procedure.

---

[3] If the Court does not convene a three-judge panel, then the only way these related appeals could be consolidated—a step that all parties but the Senior Transeastern Lenders favor—is if a single district judge were to hear all three.

##    II.    Monarch's Position as the Largest Stakeholder in All Three Defendant Groups Shows Why Consolidation Is Necessary.

In addition to trying to cast doubt upon the validity of a three-judge panel, the Senior Transeastern Lenders also maintain that consolidation is unnecessary. See STL Response 3–5, 7–8. They argue, among other things, that a single proceeding is unnecessary because there is "no overlap" in membership between them and the other defendant groups in the related appeals. STL Response 4. Yet quite the opposite is true: there is in fact a great deal of overlap among the defendant groups in the three appeals. Indeed, the same entity, Monarch Master Funding, Ltd., owns the largest share of *each* defendant group's position, claims to be a party to all three appeals, and has in fact asserted different positions on consolidation in the separate appeals. This triplication is inefficient, unnecessary, and unfair, and provides yet another reason why these related appeals should be consolidated.

Notwithstanding the Senior Transeastern Lenders' representation, it has never been true, at any stage of the case, that the Senior Transeastern Lenders are entirely distinct from the other defendant groups. The Third Amended Complaint expressly named at least *eight* defendants as both Senior Transeastern Lenders as well as First and/or Second Lien Lenders: Bank of America, N.A. (also a First Lien Lender); The Foothill Group, Inc. (also a First Lien Lender); Goldman Sachs Credit Partners, L.P. (also both a First and a Second Lien Lender); JP Morgan Chase Bank, N.A. (also both a First and a Second Lien Lender); Monarch Master Funding Ltd. (also both a First and a Second Lien Lender);[4] Van Kampen Dynamic Credit Opportunities Fund (also

---

[4] The list of Senior Transeastern Lenders in the complaint included Quadrangle Master Funding Ltd., whose TOUSA assets and liabilities are owned by its spin-off and successor entity,

a First Lien Lender); Van Kampen Senior Income Trust (also a First Lien Lender); and Van Kampen Senior Loan Fund (also a First Lien Lender).  See Adv. Pro. No. 08-01435-JKO, Dkt. # 243 ¶¶ 12, 16.  All three defendant groups additionally each included affiliates of Merrill Lynch and Deutsche Bank.  See *ibid.*

Indeed, the fact that certain defendants were on both sides of the July 31 Transaction—that is, both made a secured loan as Lien Lenders and received the proceeds of that loan as Senior Transeastern Lenders—was a factor in the bankruptcy court's conclusion that they did not act in good faith.   As Judge Olson noted:

> [A]t least six of the Transeastern Lenders – including Monarch, Merrill Lynch, The Foothills Group, Inc. and the three Van Kampen Funds – received full repayment of their Transeastern loans *and* became fully secured creditors in the syndication of the First Lien Term or Second Lien Term Loans. When asked "Was there any quid pro quo such that we'll settle with you on Transeastern as long as your lenders buy back into the term loan?" [TOUSA's former CFO] testified, "You know, it sounds familiar."  [TOUSA's general counsel] was also asked if he had heard discussion of a  quid pro quo with the Transeastern Lenders. He answered, "I remember it vaguely. . . . I know that there were lenders in one part of the deal that were trying to get in the other part."

Adv. Pro. No. 08-01435-JKO, Dkt. # 722, at 123; see also *id.* at 123 n.45 ("Many of the Senior Transeastern Lenders bought parts of the TOUSA Term Loans shortly after the syndication, including Goldman Sachs, Deutsche Bank, and Grand Central Asset Trust.").

Various overlapping defendants—including Monarch—have signed on to more than one notice of appeal to this Court, thereby seeking to appeal the same judgment against the same party multiple times. Compare Adv. Pro. No. 08-01435-JKO, Dkt. # 664, 668, 670.   And when it came time to post appeal bonds, several defendants posted bonds as members of multiple

---

Monarch.

7

defendant groups.  To take a few examples:  JP Morgan posted approximately $25 million of the Senior Transeastern Lenders' bonds (roughly 4% of the total), $13 million of the First Lien Lenders' bonds (10%), and $1 million of the Second Lien Lenders' bonds (4%).  See Adv. Pro. No. 08-01435-JKO Dkt. # 788, 804, 836.  Grand Central Asset Trust posted approximately $32 million of the Senior Transeastern Lenders' bonds (6%), and $3 million of the First Lien Lenders' bonds (2%).  See Adv. Pro. No. 08-01435-JKO Dkt. # 809, 832.  And Monarch posted approximately $205 million of the Senior Transeastern Lenders' bonds (38%), $37 million of the First Lien Lenders' bonds (28%), and $18 million of the Second Lien Lenders' bonds (78%).  See Adv. Pro. No. 08-01435-JKO Dkt. # 826, 827, 833.  We have since been informed that Monarch's First Lien interest has now increased to a full 50%.

Making matters even worse, Monarch not only has filed three notices of appeal from a single order, it has also taken divergent positions on the issue of consolidation before a three-judge panel.  As a First and Second Lien Lender, it does not oppose consolidation or a three-judge panel.  See No. 10-cv-60018, Dkt. # 59; No. 10-cv-60019, Dkt. # 62.  But as a Senior Transeastern Lender, it opposes consolidation and has concerns about a three-judge panel.  See STL Response 2 n.1 (listing Monarch as one of the Senior Transeastern Lenders taking that position).  Indeed, the docket of this very case contains two divergent filings from Monarch on this issue: one as a party opposing consolidation (see Dkt. # 67), and the other as a putative "non-party" supporting it (see Dkt. # 70).

This untenable state of affairs cannot continue.  Monarch's hedged positions in different financial instruments (the First Lien debt, the Second Lien debt, and the Senior Transeastern

8

debt) do not give it a plutocratic right to three appeals from a single judgment against it. And they certainly give Monarch no right to position itself on both sides of the same issue. Rather, the presence of Monarch, and other parties, in multiple appeals simply demonstrates why the trifurcation of the appeal from a single judgment below is artificial, and consolidation is necessary.[5]

---

[5] In the event that there is no consolidation, the Committee reserves its right to move to dismiss the duplicative appeals of parties, like Monarch, that have filed multiple appeals.

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2010 a true and correct copy of the foregoing document is being served electronically via e-mail or via the Court's CM-ECF Program to each person named on the attached Service List.

By:    /s/ Patricia A. Redmond
       PATRICIA A. REDMOND

OCUC of TOUSA, Inc., et al. v. Citicorp North America, Inc., et al.
Appeals 10-60017, 10-60018 and 10-60019
**SERVICE LIST**

| | |
|---|---|
| Paul Steven Singerman | singerman@bergersingerman.com |
| Paul Avron | pavron@bergersingerman.com |
| **BERGER SINGERMAN P.A.,** *Local Counsel* | |
| 200 S. Biscayne Blvd., Suite 1000 | Telephone: 305.775.9500 |
| Miami, FL   33131 | Facsimile: 305.714.4340 |
| – and – | |
| Paul M. Basta | pbasta@kirkland.com |
| M. Natasha Labovitz | nlabovitz@kirkland.com |
| **KIRKLAND & ELLIS, LLP** | |
| 153 East 53 Street | Telephone:  212.446.4800 |
| New York, NY   10022 | Facsimile:  212.446.4900 |
| – and – | |
| Beth Williams | Beth.Williams@kirkland.com |
| Daniel T. Donovan | ddonovan@kirkland.com |
| **KIRKLAND & ELLIS, LLP** | |
| 655 15 Street, NW | Telephone:  202.879.5000 |
| Washington DC   20005 | Facsimile:  202.879.5200 |

*Counsel for TOUSA, Inc., et al.,* **Debtors**

- - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Patricia A. Redmond | predmond@swmwas.com |
| David C. Pollack | dpollack@swmwas.com |
| **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**, *Local Counsel* | |
| 150 W. Flagler Street, Suite 2200 | Telephone: 305.789.3200 |
| Miami, FL   33130 | Facsimile: 305.789.3395 |
| – and – | |
| Lawrence S. Robbins | lrobbins@robbinsrussell.com |
| Donald J. Russell | drussell@robbinsrussell.com |
| Alan D. Strasser | astrasser@robbinsrussell.com |
| Michael L. Waldman, | mwaldman@robbinsrussell.com |
| Eric J. Feigin | efeigin@robbinsrussell.com |
| **ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**, | |
| 1801 K Street, Suite 411-L | Telephone: 202-775-4500 |
| Washington, DC 20006 | Facsimile: 202.775.4510 |

*Fraudulent Conveyance Adversary Proceeding Special Counsel*
*Counsel for Official Committee of Unsecured Creditors of TOUSA, Inc., et al* **Plaintiff / Appellee**

- - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Allan E Wulbern | awulbern@smithhulsey.com |
| Stephen D. Busey | busey@smithhulsey.com |
| **SMITH HULSEY & BUSEY** | |
| 225 Water Street, Suite 1800 | Telephone:  904.359.7700 |
| Jacksonville, FL   32202 | Facsimile:  904.359.7708 |
| – and – | |
| Amy D. Harris | aharris.ecf@srbp.com |
| Richard Craig Prosser | rprosser@srbp.com |
| **STICHTER, RIEDEL, BLAIN & PROSSER, P.A.** | |
| 110 East Madison Street, Suite 200 | Telephone:  813.229.0144 |
| Tampa, FL  33602-4718 | Facsimile:  813.229.1811 |
| – and – | |
| Joseph H. Smolinsky | joseph.smolinsky@weil.com |
| **WEIL GOTSHAL** | |
| 767 Fifth Avenue | Telephone:  212.310.8767 |
| New York, NY 10153 | Facsimile:  212.310.8007 |
| – and – | |
| Thomas J. Hall | thall@chadbourne.com |
| Seven R. Rivera | srivera@chadbourne.com |
| Thomas J. McCormack | tmccormack@chadbourne.com |
| **CHADBOURNE & PARKE LLP** | |
| 30 Rockefeller Plaza | Telephone:  212.408.5100 |
| New York, NY   10112 | Facsimile:  212.541.5369 |

*Counsel for Citicorp North America, Inc., in its capacity as Administrative Agent for the First Lien Revolver and First Lien Term Loan Credit Agreement*, **Defendant / Appellant**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Scott L. Baena | sbaena@bilzin.com |
| Jeffrey I Snyder | jsnyder@bilzin.com |
| **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**, *Local Counsel* | |
| 200 S. Biscayne Blvd., Suite 2500 | Telephone:  305.374.7580 |
| Miami, FL   33131 | Facsimile:  305.374.7593 |

*Co-Counsel to Wells Fargo, as Successor Administrative Agent under that Certain  Second Lien Term Loan Credit Agreement, and an Informal Group of Holders of Second Lien Term Loan Lenders*, **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Evan D. Flaschen | evan.flaschen@bgllp.com |
| Gregory W. Nye | gregory.nye@bgllp.com |
| Richard Whiteley | richard.whiteley@bgllp.com |
| Daynor M. Carman | daynor.carman@bgllp.com |

**BRACEWELL & GIULIANI LLP**
225 Asylum Street, Suite 2600          Telephone:  860.947.9000
Hartford, CT   06013                   Facsimile:  860.246.3201
– and –

| | |
|---|---|
| David M. Levine | dml@LKLlaw.com |
| Lawrence A. Kellogg | lak@LKLlaw.com |
| Robin J. Rubens | rjr@LKLlaw.com |
| Jeffrey C. Schneider | jcs@LKLlaw.com |

**LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP**
201 South Biscayne Blvd.
Miami Center – 34th Floor             Telephone:  305.403.8788
Miami, FL   33131                      Facsimile:  305.403.8789

*Local Counsel to several members of an Informal Group of Holders of Second Lien Term Loan Lenders*, **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| John H. Genovese | jgenovese@gjb-law.com |
| Paul J. Batista | pbattista@gjb-law.com |

**GENOVESE JOBLOVE & BATTISTA, P.A.**, *Local Counsel*
100 SE 2 Street, 44 Floor              Telephone:  305.349.2300
Miami, FL   33131                      Facsimile:  305.349.2310
– and –

| | |
|---|---|
| David S. Rosner | drosner@kasowitz.com |
| Andrew K. Glenn | aglenn@kasowitz.com |

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
1633 Broadway                          Telephone:  212.506.1700
New York, NY   10019

*Counsel to Aurelius Named-Entities, GSO Named-Entities, and Carlyle Strategic Partners (collectively, the "Noteholders"),* **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

Ceci Culpepper Berman                  cberman@fowlerwhite.com

**FOWLER WHITE BOGGS BANKER**
501 E. Kenneth Blvd., Suite 1700       Telephone:  813.222.1136
Tampa, FL   33602                      Facsimile:  813.229.8313
– and –

| | |
|---|---|
| Aaron D. VanOort | avanoort@faegre.com |
| Melina K. Williams | mwilliams2@faegre.com |
| Stephen M. Mertz | smertz@faegre.com |

**FAEGRE & BENSON LLP**
90 South Seventh Street, #2200           Telephone:  612.766-7000
Minneapolis, MN  55402                   Facsimile:
– and –

Nancy A. Copperthwaite                   Nancy.Coppeerthwaite@akerman.com
**AKERMAN SENTERFITT**, *Local Counsel*
1 SE 3rd Avenue, 25th Floor              Telephone:  305.374.5600
Miami, FL  33131                         Facsimile:  305.374.5095
– and –

Michael I. Goldberg                      michael.goldberg@akerman.com
**AKERMAN SENTERFITT**, *Local Counsel*
350 East Las Olas Blvd., Suite 1600      Telephone:  954.463.2700
Fort Lauderdale, FL  33301-2229          Facsimile:  954.463.2224
– and –

| | |
|---|---|
| Andrew M. LeBlanc | aleblanc@milbank.com |
| Andrew Beirne | abeirne@milbank.com |
| Atara Miller | amiller@milbank.com |
| Alan J. Stone | astone@milbank.com |

**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza                  Telephone:  212.530.5287
New York, NY  10005                      Facsimile:  212.530.5219  or 212.822.5057

*Counsel for the "Senior Transeastern Lenders,"* **Defendants**
- - - - - - - - - - - - - - - - - - - - - - - -

Ileana A. Cruz                           icruz@whitecase.com
**WHITE & CASE LLP**
200 S. Biscayne Blvd., Suite 4900        Telephone:  305.371.2700
Miami, FL  33131                         Facsimile:  305.995.5289
– and –

Meghan McCurdy                           mmccurdy@whitecase.com
David G. Hille                           dhille@whitecase.com
**WHITE & CASE LLP**
1155 Avenue of the Americas                Telephone:  212.819.8200
New York, NY  10036                      Facsimile:  212.354.8113

*Counsel for Deutsche Bank Trust Company Americas, Highland Named-Entities, Jasper CLO Ltd.,*
*Loan Funding VII LLC, Quadrangle Master Funding Ltd.*
- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Jennifer Gertrude Altman | jaltman@bsfllp.com |
| Eric J. Brenner | ebrenner@bsfllp.com |
| Philip C. Korologos | pkorologos@bsfllp.com |
| **BOIES SCHILLER & FLEXNER LLP** | |
| 100 SE 2nd Street, #2800 | Telephone:  305.539.8400 |
| New York, NY   10036 | Facsimile:  305.539.1307 |

*Counsel for Monarch Master Funding Ltd., Trilogy Portfolio Company, LLC*

- - - - - - - - - - - - - - - - - - - - - - - -

#178128 v1