UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:10-cv-60019 CIV-JORDAN

| | |
|---|---|
| In re: | ) |
| TOUSA, INC., *et. al.*, | ) |
| | ) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| CITICORP NORTH AMERICA, INC., *et al.*, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) |
| CREDITORS, *et al.*, | ) |
| | ) |
| Appellees. | ) |
| | ) |

**MOTION BY COMMERCIAL FINANCE ASSOCIATION FOR LEAVE
TO APPEAR AS *AMICUS CURIAE* IN SUPPORT OF FIRST LIEN APPELLANTS
AND FOR REVERSAL OF BANKRUPTCY COURT'S DECISION**

The Commercial Finance Association ("CFA") respectfully requests that this Court grant it leave to appear as *amicus curiae* ("*amicus*") in the above-captioned appeal and allow it to file its Brief of *Amicus Curiae* Commercial Finance Association in Support of First Lien Appellants and For Reversal, a copy of which is attached as **Exhibit A** (the "Brief"). The CFA also respectfully requests that it be permitted to participate as *amicus* at oral argument of the appeal. Counsel for the appellants here, and in the related appeal, *Wells Fargo Bank, N.A., et. al. v. Official Committee of Unsecured Creditors, et. al.*, Case No. 10-cv-600018, have consented to the CFA's participation in these appeals as *amicus*. Counsel for the appellees, the Official Committee of Unsecured Creditors of TOUSA, Inc., et al., does not consent to CFA's participation as *amicus* in either this matter or the related appeal.

2849562

CFA is the principal United States trade association for financial institutions that provide asset-based financing to commercial borrowers. CFA respectfully requests that it be granted leave to appear in this appeal as *amicus* to address a specific ruling of the bankruptcy court that if allowed to stand will adversely impact the availability and the cost of credit for businesses in the United States. As the principal trade association for the asset-based lending industry, the CFA is uniquely qualified to address these important issues from an objective industry perspective.

## MEMORANDUM OF LAW

### I. INTEREST OF PROPOSED AMICUS CURIAE

CFA is a not-for-profit trade association. CFA has over 260 members, including substantially all of the major money-center and regional banks in the United States, as well as other independent lenders of all sizes. Financing provided by CFA members and other U.S. asset-based lenders comprises a substantial portion of the United States credit market and currently exceeded $480 billion. CFA's mission includes, among other things, providing current information on legislation and judicial decisions relating to asset-based financial services; improving legal and operational procedures employed by the industry; and furnishing to the general public information on the function and the significance of the industry in the credit structure of the country.

CFA has filed *amicus* briefs and participated in oral argument in cases of significance to its membership. In the past year alone, CFA was granted leave to appear as *amicus* and filed briefs in the following matters: *In re Phila. Newspapers, LLC,* 599 F.3d 298 (3d Cir. 2010); *JP Morgan Chase Bank, N.A. v. Earth Foods, Inc.,* 898 N.E. 2d 718 (Ill. Ct. App.

2008); *Siemens Financial Services, Inc. v. Haband Co., Inc., et al.*, C.A., Dkt. No. A-002738-80T2 (Sup. Ct. N.J. Dec. 19, 2008); *BNP Paribas, as Agent, v. Olsen's Mills, Inc.*, Appeal No. 2009 AP 001007 DV. (Wis. Cir. Court, Green Lake County, April 14, 2009); *DDJ Management, LLC, et al. v. Rhone Group L.L.C., et al.*, 60 A.D.3d 421, 875 N.Y.S.2d 17 (March 5, 2009); *Arrow Oil & Gas, Inc. v. SemCrude, L.P.*, 407 B.R. 112 (Bankr. D. Del. June 19, 2009).

## II.  BACKGROUND

This case arises out of a $500 million loan (the "Loan") advanced by the appellant lenders to TOUSA, Inc. ("TOUSA") and many of its eighty subsidiaries (the "Conveying Subsidiaries") in order to settle a $2 billion lawsuit against TOUSA and one of its subsidiaries. The Loan was secured by a lien on the assets of TOUSA and the Conveying Subsidiaries – a loan structure that is standard practice in the commercial lending industry. Some six months after the Loan was made, TOUSA and the Conveying Subsidiaries filed for bankruptcy. The Official Committee of Unsecured Creditors filed an adversary proceeding in the bankruptcy seeking to set aside obligations incurred, and the liens granted, by the Conveying Subsidiaries as fraudulent transfers. The Bankruptcy Court, after a trial, found that the obligations and liens were fraudulent transfers because, among other things, the Conveying Subsidiaries did not receive reasonably equivalent value in exchange, and the Conveying Subsidiaries were insolvent both before and after the Loan transactions. Significantly, the Bankruptcy Court, in *dictum*, concluded that the fraudulent transfer savings clauses contained in the Loan documents were void because they constituted a "frontal assault" on core provisions of the Bankruptcy Code.

Fraudulent transfer savings clauses, are a standard provision in today's commercial lending market, and have been relied upon by lenders for decades. Fraudulent conveyance savings clauses provide for an automatic reduction in the amount of a borrower's or

3

a guarantor's liability to the extent necessary to prevent the liability from rendering the borrower or the guarantor insolvent. Thus, rather than being an assault on the Bankruptcy Code, savings clauses actually allow the lender, the borrower and the guarantor to achieve compliance with the Bankruptcy Code. As set forth in CFA's proposed brief, these clauses evolved from the substantial legal precedent of savings clauses in other commercial contexts as a tool by which lenders could more effectively and accurately comply with the complex requirements of the Bankruptcy Code and state fraudulent transfer laws.

Because asset-based lenders routinely extend credit in reliance upon the enforceability of fraudulent conveyance savings clauses, unless reversed on appeal, the Bankruptcy Court's invalidation of these clauses will adversely impact the availability and cost of credit in the United States. Because the credit support previously provided by fraudulent conveyance savings clauses will not be available, lenders will be compelled to either charge more to lend money, or to reduce the amount of loans they make, in an effort to compensate for the additional risk. Alternatively, they may forbear from certain lending altogether. Consequently, CFA has a compelling interest in the outcome of this case.[1]

### III.  ARGUMENT

Federal District Courts have the inherent authority to permit the filing of *amicus* briefs. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992); *News & Sun-Sentinel Co. v.*

---

[1] CFA is concerned that the Bankruptcy Court's attack on fraudulent conveyance savings clauses, *dictum* or not, if allowed to stand, could lead to widespread challenges to the enforceability of savings clauses or, even worse, be mistakenly interpreted by some courts as the holding of this case. Further, should the finding of insolvency be reversed, the Bankruptcy Court's findings regarding the savings clause will become appealable questions of law.

*Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988). *Amicus* briefs are frequently welcomed where they concern "legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" In addition, courts routinely allow the participation of *amicus* where the amicus is a trade group or organization so that the court may receive briefing on the potential effect of a decision on the affected industry as a whole. *See Resort Timeshare Resales, Inc. v. Stuart, Inc.*, 764 F. Supp. 1495, 1500-01 (S. D. Fla. 1991). In this matter, the participation of the CFA is especially important due to the potential ramifications within the commercial finance industry. The CFA's participation will provide the Court with guidance and perspective on the implications of the Court's decision from an industry standpoint. *See Alliance of Automobile Mfr. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003).

The matter CFA wishes to address as *amicus* are both complex and important. Indeed, the complexity of the issues and the need for comprehensive briefing has been acknowledged by a Judge Gold in a related appeal. See (Hr'g Tr. 31, Mar. 19, 2010, *3V Capital Master Fund Ltd. v. Official Comm. of Unsecured Creditors of TOUSA, Inc.*, No. 10-60017 CIV-GOLD (S.D. Fla.) (D.E. 64) (relieving the parties of the default page limits for their briefs because of the complexity of the issues) (relevant excerpt attached as **Exhibit B**).) Moreover, as the Third Circuit observed in *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*:

> Even when a party is well represented, *amicus* may provide important assistance to the court. "Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." Luther T. Munford, *When Does the Curiae Need an Amicus?*, 1 J.App. Prac. & Process 279 (1999)

5

293 F.3d 128, 132 (3d Cir. 2002). Thus, "it is preferable to err on the side of granting leave" to file an *amicus* brief. *Id.* at 133. Otherwise, a court risks disregarding a potentially helpful and informative brief. *See id.* at 132-33. In a case such as this, the additional aid of *amicus* is necessary for the Court's full understanding of the issues and their potential impact on the credit markets of the United States and the commercial loans available to businesses in the United States. Given the CFA's expertise and interests in various issues raised in the litigation, as discussed above, it is uniquely qualified to provide both an additional perspective and helpful guidance in this matter.

With respect to procedural issues such as the timing and page limitations on *amicus* briefs, Federal District Courts generally look to the Federal Rules of Appellate Procedure. *See Shumaker Loop & Kendrick, LLP v. Conetta*, No. 3:08 CV 1855, 2008 WL 4372685, at *1 (N.D. Ohio Sept. 22, 2008) (because both the Federal Rules of Civil Procedure and the Bankruptcy Rules of Procedure are silent on the issue of *amicus* briefs, the court incorporated Federal Rule of Appellate Procedure 29, which governs submissions by *amici*). Federal Rule of Appellate Procedure 29(a) provides that an *amicus* brief may be filed upon leave of the court or consent of all parties. *Amicus* briefs are to be filed within seven days of the filing of the principal brief of the party being supported by the *amicus* in the appeal. Fed. R. App. P. 29(c). Accordingly, this filing is timely. As noted above, this Court has relieved the parties of the page limits prescribed by the Local Rules. If granted leave to appear as *amicus*, the CFA respectfully requests that it similarly be relieved of page limits.

## IV.  CONCLUSION

For all of the foregoing reasons, the CFA respectfully requests that the Court grant its motion to appear as *amicus curiae*, accept the accompanying brief for filing in this appeal and allow the CFA to participate at the oral argument of this appeal.  A proposed order is attached as **Exhibit C**.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so.

/s/ James M. Cretella
James M. Cretella

Dated:  June 8, 2010.                    Respectfully Submitted,

ADORNO & YOSS LLP
350 East Las Olas Blvd., Suite 1700
Ft. Lauderdale, Florida 33301
Telephone:  (954) 766-7820
Facsimile:   (954) 621-4198

/s/ Charles M. Tatelbaum
Charles M. Tatelbaum
Florida Bar No. 177540

GOLDBERG KOHN LTD.
55 E. Monroe Street, Suite 3300
Chicago, Illinois  60603
Telephone: (312) 201-4000
Facsimile:  (312) 332-2196

/s/ William C. Meyers
Richard M. Kohn (IL Bar No. 1501070)*
William C. Meyers (IL Bar No. 6195666)*
Nury R. Agudo (IL Bar No. 6298956)*


OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, NY  10169
Telephone: (212) 661-9100
Facsimile:  (212) 682-6104

/s/ James M. Cretella
Jonathan L. Helfat (NY Bar No. JH (9484))*

8

James M. Cretella (NY Bar No. JC (6978))*

*Attorneys for Movant Commercial Finance Association*

*Application for admission *pro hac vice* is pending before this Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2010, I electronically filed the foregoing *Motion by Commercial Finance Association for Leave to Appear as Amicus Curiae in Support of First Lien Appellants and for Reversal of Bankruptcy Court's Decision* with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served via electronic transmission on all CM/ECF registered users identified on the attached Service List and via electronic mail to Richard M. Kohn, Esq., William C. Meyers, Esq., Nury R. Agudo, Esq., Jonathan L. Helfat, Esq., and James M. Cretella, Esq.

        ADORNO & YOSS LLP
        350 East Las Olas Blvd., Suite 1700
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 766-7820
        Facsimile:   (954) 621-4198

        /s/ Charles M. Tatelbaum
        Charles M. Tatelbaum
        Florida Bar No.

**SERVICE LIST**

Thomas J. Hall
Thomas J. McCormack
Seven Rivera
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 101 12
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Lawrence S. Robbins
Alan D. Strasser
Michael L. Waldman
ROBBINS RUSSELL ENGLERT
ORSECK UNTEREINER & SAUBER
LLP
1801 K Street, NW, Suite 411
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
lrobbins@robbinsrussell.com
asirasser@robbinsrussell.com
mwaldman@robbinsrusselI.com

Patricia A. Redmond
STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON,
P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
predmond@swmwas.com

Philip C. Korologos
Eric Brenner
BOLES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
Seventh Floor
New York, New York 10022
Telephone: (212) 446-2300

Richard M. Cieri
Paul M. Basta
M. Natasha Labovitz
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York. NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
rcieri@kirkland.com
pbasta@kirkland.com
nlabovitz@kirkland coin

Daniel T. Donovan
Matthew E. Papez
Jeffrey S. Powell
KIRKLAND & ELLIS 1.I.P
655 15th Street, N. W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
ddonovan@kirkland.com
mpapez@kirkland.eorn
jpowell@kirkland.com

Evan D. Flaschen
Gregory W. Nye
Richard F. Whiteley
Heath A. Novosad
BRACEWELL & GIULIANI LLP
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06013
Telephone: (860) 947-9000
Facsimile: (860) 246-3201
evan.flaschen@bgllp.com
gregory.nye@bgllp.com
richard.whiteley@bgllp.com
health.novosad@bgllp.com

Dennis F. Dunne
Andrew M. LeBlanc
Andrew Beirne
Dennis C. O'Donnell
David R. Eastlake
MILBANK, TWEED, HADLEY & MCCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5287
Facsimile: (212) 530-5219
ddunne@milbank.com
aleblanc@milbank.com
abeirne@milbank.com
dodonnell@milbank.com
deastlake@milbank.com

Scott L. Baena
Matthew I. Kramer
Jeffrey Snyder
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 350-7245
Facsimile: (305) 374-7593
sbaena@bilzin.com
mkramer@bilzin.com
jsnyder@bilzin.com

Paul Steven Singerman
BERGER SINGERMAN, P.A.
200 South Biscayne Boulevard
Suite 1000
Miami, FL 33131
Telephone: (305) 775-9500
singerman@bergersingerman.com

Michael I. Goldberg
AKERMAN SENTERFITT
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
michael.goldberg@akennan.com

Steven D. Schneiderman
Office of the U.S. Trustee
51 S. W. 1st Avenue, Suite 1204
Miami, FL 33130
Telephone: (305) 536-7285
Facsimile: (305) 536-7360
steven.d.schneiderman@usdoj.gov