**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 10-60019-CIV-JORDAN**
**(Case No. 10-60508-CIV-JORDAN)**

CITICORP NORTH AMERICA, INC., et al.,

Appellants,

vs.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUSA, INC., et al.,

Appellees.
_____________________________________/

**REPLY OF LOAN SYNDICATIONS AND TRADING ASSOCIATION IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO APPEAR AS *AMICUS CURIAE* SUPPORTING REVERSAL OF BANKRUPTCY COURT'S DECISION**

The Loan Syndications and Trading Association (the "LSTA") respectfully submits this reply in further support of its motion for leave to appear as *amicus curiae* in the above-captioned appeal (the "Motion") and to respond to the misstatements of the record and the applicable legal standards which are contained in the Response of the Official Committee of Unsecured Creditors (the "Committee") to the LSTA's motion to appear as *amicus curiae* (D.E. 86) (the "Response").[1] While the Committee purports to "take[] no position" on the LSTA's motion to file an *amicus* brief (Response at 1), its entire Response is geared toward opposing both the LSTA's *amicus* brief and the LSTA's participation at oral argument.

The Committee argues that the LSTA is merely restating arguments made by the appellants. This is demonstrably wrong. First, the Committee concedes that the LSTA raises a unique issue that none of the appellants have raised, namely the validity of the "savings clauses"

---

[1] The Response also addresses the Commercial Finance Association's motion for leave to appear as *amicus curiae*.

in the pertinent loan agreements. (See id. at 2.) Contrary to the Committee's position, the LSTA's briefing of this additional issue weighs in favor of granting the motion for leave to appear as *amicus curiae*. See, e.g., In re Dow Corning Corp., 255 B.R. 445, 465 (E.D. Mich. 2000) (granting leave to file *amicus curiae* brief raising issue "which no other party has raised before this Court with respect to the [bankruptcy court's] Opinion"). Second, the LSTA's *amicus* brief presents the views of the commercial loan industry as a whole, not just the lenders who have pecuniary interests in this appeal and, thus, offers the Court a unique and important perspective that simply cannot be addressed by any of the parties to this appeal. Third, the Committee's claims that the LSTA is merely restating arguments already made by other parties is belied by the fact that the Committee asks for an additional two weeks to file its own brief in order to respond to the LSTA's arguments. (See Response at 3.) Surely, if the LSTA merely restated arguments already made by the appellants, the Committee would not need any additional time to respond to such arguments.[2]

The Committee also is wrong in its assertion that a federal court cannot consider an issue raised only by an *amicus curiae* on appeal, but passed on by the court below. (See id. at 2.) That argument has been squarely rejected by the Supreme Court. See Davis v. United States, 512 U.S. 452, 457 n.* (1994) (noting that the Supreme Court "will consider arguments raised only in an *amicus* brief"); Teague v. Lane, 489 U.S. 288, 300 (1989) (plurality opinion) (deciding issue that was "raised only in an *amicus* brief"). The bankruptcy court addressed the validity of the savings clauses, albeit in *dictum*, and this Court may consider the issue on appeal.[3]

---

[2] The LSTA does not oppose this request.

[3] Even though it is *dictum*, this Court may address the bankruptcy court's analysis of the savings clauses. See, e.g., In re HECI Exploration Co., 862 F.2d 513, 521 (5th Cir. 1988)
*(cont'd)*

Furthermore, contrary to the Committee's assertion (see Response at 2-3), it is perfectly routine and acceptable for an *amicus curiae* to support a particular party's position in a case. As then-Judge Alito wrote in Neonatology Assocs., P.A. v. Commissioner, 293 F.3d 128 (3d Cir. 2002) (Alito, J.), the notion of an *amicus curiae* being neutral and disinterested "became outdated long ago." Id. at 131. The accepted view is that "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." Id.; see also Michael E. Tigar & Jane B. Tigar, Federal Appeals—Jurisdiction & Practice § 2:20, at 181 (3d ed. 1999) ("An amicus brief is rarely disinterested; usually it supports one party or the other.").

Moreover, the fact that the LSTA's membership includes some of the appellants does not preclude its participation as *amicus curiae*. It is undisputed that the overwhelming majority of the LSTA's more-than-300 members are not parties to this appeal, and thus the LSTA represents the interests of the commercial loan industry as a whole.[4] Since major industry

*(cont'd from previous page)*

(noting that "[w]e do not . . . endorse the district court's dicta"). The case the Committee cites is not to the contrary. (See Response at 2 (citing Oxford Shipping Co. v. New Hampshire Trading Corp., 697 F.2d 1, 7 (1st Cir. 1982)).) That case simply stands for the proposition that a party cannot appeal from a judgment in its favor merely because it disapproves of *dictum* in the lower court's opinion. See Oxford Shipping Co., 697 F.2d at 7 ("Since the judgment appealed from was in Avon's favor, and since the statement made was in no sense necessary to that judgment, the statement was dictum. There is no known basis for an appeal from a dictum."). Here, there is no dispute that the appellants have standing to appeal the bankruptcy court's decision and, therefore, this Court may fully address all aspects of the bankruptcy court's reasoning, including its *dicta*. As noted in the Motion, the bankruptcy court's flawed discussion of savings clauses has engendered substantial criticism from commentators, and this Court should disapprove of the flawed *dictum* in order to calm the commercial loan markets. (See Motion at 5 & n.2 (D.E. 75).)

4 The Committee also implies – without basis – that appellant Monarch Master Funding Ltd. funded some portion of the costs of preparing the LSTA's brief. (See Response at 3 n.2.) This is false. It is the LSTA's policy to fund the preparation and filing of briefs out of its general revenues. Although it is possible that the LSTA might ask for voluntary contributions from members, it has not done so in this or any other case. Even if a party to this case had funded some or part of the preparation of the LSTA's *amicus* brief, that would

*(cont'd)*

associations such as the LSTA will often count parties to a case affecting that industry among its members, the Committee's proposed limitations, if here adopted, would cast doubt on the appearance of trade and industry associations as *amici curiae* in general – a result that is directly contrary to current appellate practice. See Neonatology Assocs., 293 F.3d at 131-32 ("A quick look at Supreme Court opinions discloses that corporations, unions, trade and professional associations, and other parties with 'pecuniary' interests appear regularly as amici." (emphasis added)).

Similarly misplaced is the Committee's contention that the Court should prohibit the LSTA from participating at oral argument. Courts often allow an *amicus curiae* to participate at oral argument. See, e.g., Kuhne v. Cohen & Slamowitz, LLP, 579 F.3d 189, 193 (2d Cir. 2009); Nautilus Ins. Co. v. Country Oaks Apartments Ltd., 566 F.3d 452, 454 (5th Cir. 2009); First Penn-Pacific Life Ins. Co. v. Evans, 313 Fed. App'x 633, 636 (4th Cir. 2009); Black Warrior Riverkeeper, Inc. v. Cherokee Mining, LLC, 637 F. Supp. 2d 983, 985 (N.D. Ala. 2009); Minnesota v. CMI of Kentucky, Inc., Civil No. 08-603, 2009 WL 5216841, at *1 (D. Minn. Feb. 9, 2009); Perry-Bey v. Norfolk, Va., 678 F. Supp. 2d 348, 352 (E.D. Va. 2009); Alvarez v. Aerovias Nacionales de Colombia, S.A., 756 F. Supp. 550, 552 & n.2 (S.D. Fla. 1991). Indeed, the LSTA has previously participated as *amicus curiae* at oral argument in a high-profile bankruptcy appeal. See In re Enron Corp., 379 B.R. 425 (S.D.N.Y. 2007).

Such participation is particularly appropriate here in light of the importance of the issues to all commercial lenders and borrowers, not just the parties to this appeal. Although the

*(cont'd from previous page)*

not affect the decision to grant or deny leave to appear. Rather, under rules applicable in the Supreme Court, it would merely require disclosure. Upon the Court's request, the LSTA will promptly make the disclosures required under the Supreme Court's rules, although they are not required by the Federal Rules of Appellate Procedure.

parties' dispute arises from particularized facts, its outcome will have a broad impact on an entire industry. The LSTA, as the leading trade association for that industry, can provide the Court at oral argument with context and guidance on several important issues in this case.

Faced with cases that demonstrate the wide acceptance of *amicus curiae* participation at oral argument and the strong rationale for allowing such participation under the facts of this case, the Committee focuses upon purported concerns regarding the allotment of time at oral argument. Specifically, the Committee asserts that the LSTA's *amicus curiae* participation at oral argument should be denied because it will (a) detract from the amount of argument time for the parties, and (b) add to the overall time for oral argument. (See Response at 4.) The LSTA respectfully submits that this Court is fully capable of fashioning a protocol for oral argument which, among other things, ensures both that (i) the Committee's opportunity for oral argument is appropriately addressed, and (ii) the overall time allowed for oral argument appropriately reflects the complexities of the issues and the various interests represented. Given the widespread criticism of the decision below by the legal community and the commercial loan industry, the important legal issues presented in this appeal – and their potential impact on the commercial loan industry just as the credit markets are showing signs of renewed activity – warrants appropriate time at oral argument.

**CONCLUSION**

For all of the foregoing reasons, as well as those stated in the Motion, the LSTA respectfully requests that the Court grant its motion to appear as *amicus curiae*, accept its brief for filing in this appeal, and allow the LSTA to participate at the oral argument of this appeal.

Dated: June 28, 2010

Respectfully Submitted,

MESSANA STERN, P.A.
401 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401

/s/ Thomas M. Messana
Thomas M. Messana
Florida Bar No. 991422
tmessana@mws-law.com

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

/s/ George A. Zimmerman
George A. Zimmerman (admitted *pro hac vice*)
New York Bar No. 121231
George.Zimmerman@skadden.com
Mark A. McDermott*
New York Bar No. 4468716
Mark.McDermott@skadden.com

        LOAN SYNDICATIONS &
         TRADING ASSOCIATION
        366 Madison Avenue
        New York, NY 10017
        Telephone: (212) 880-3000
        Facsimile:  (212) 880-3040

        /s/ Elliot Ganz
        Elliot Ganz*
        New York Bar No. 1730993
        eganz@lsta.org

        *Attorneys for Movant Loan Syndications and Trading Association*

* Application for admission *pro hac vice* is pending before this Court

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of June, 2010, I electronically filed the foregoing *Reply Of Loan Syndications And Trading Association In Further Support Of Its Motion For Leave To Appear As Amicus Curiae Supporting Reversal Of Bankruptcy Court's Decision* with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served via electronic transmission on all CM/ECF registered users identified on the attached Service List.

Messana Stern, P.A.
*Co-Counsel for Movant*
*Loan Syndications and Trading Association*
401 East Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: (954) 712-7400
Facsimile: (954) 712-7401

/s/ Thomas M. Messana
Thomas M. Messana
Florida Bar No. 991422

**SERVICE LIST**

**Counsel for the Official Committee of Unsecured Creditors:**

Lawrence S. Robbins
Donald Russell
Michael L. Waldman
ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
lrobbins@robbinsrussell.com
drussell@robbinsrussell.com
mwaldman@robbinsrussell.com

Patricia A. Redmond
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, PA
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
predmond@stearnsweaver.com

**Counsel for the Debtors:**

Daniel T. Donovan
Matthew E. Papez
Jeffrey S. Powell
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Suite 200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
ddonovan@kirkland.com
mpapez@kirkland.com
jpowell@kirk1and.com

Paul Steven Singerman
BERGER SINGERMAN, P.A.
200 South Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 775-9500
Facsimile: (305) 714-4340
Singerman@bergersingerman.com

Richard M. Cieri
Paul M. Basta
M. Natasha Labovitz
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, N.Y. 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
rcieri@kirkland.com
pbasta@kirkland.com
nlabovitz@kirkland.com

**Counsel for Wells Fargo Bank, N.A. and Second Lien Term Loan Lenders**
Evan D. Flaschen
Gregory W. Nye
Richard F. Whiteley
Heath A. Novosad
BRACEWELL & GIULIANI LLP
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06013
Telephone: (860) 947-9000
Facsimile: (860) 246-3201
evan.flaschen@bgllp.com
gregory.nye@bgllp.com
Richard.whiteley@bgllp.com
heath.novosad@bgllp.com

Scott L. Baena
Matthew I. Kramer
Jeffrey Snyder
BILZIN SUMBERG BAENA PRICE & AXELROD, LLP
200 South Biscayne Boulevard, Suite 2500
Miami, FL 33131
Telephone: (305) 350-7245
Facsimile: (305) 374-7593
sbaena@bilzin.com
mkramer@bilzin.com
jsnyder@bilzin.com

David M. Levine
Lawrence A. Kellogg
Robin J. Rubens
Jeffrey C. Schneider
LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN, LLP
201 South Biscayne Blvd.
Miami Center – 34th Floor
Miami, FL 33131
Telephone: (305)-403-8788
Facsimile: (305) 403-8789
dml@LKLlaw.com
lak@LKLlaw.com
rjr@LKLlaw.com
jcs@LKLlaw.com

**Counsel for Senior Transeastern Lenders**

Dennis F. Dunne
Andrew M. LeBlanc
Andrew Beirne
Dennis C. O'Donnell
MILLBANK, TWEED, HADLEY& MCCLOY, LLP
1 Chase Manhattan Plaza
New York, N.Y.10005
Telephone: (212) 530-5287
Facsimile: (212) 530-5210
ddunne@milbank.com
aleblanc@milbank.com
abierne@milbank.com
dodonnell@milbank.com

Michael I. Goldberg
AKERMAN SENTERFITT
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
michael.goldberg@akerman.com

Nancy A. Copperthwaite
AKERMAN SENTERFITT
1 S.E. 3rd Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Nancy.Copperthwaite@akerman.com

Ceci Culpepper Berman
FOWLER WHITE BOGGS BANKER
501 E. Kenneth Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 222-1136
Facsimile: (813) 229-8313
cberman@fowlerwhite.com

Aaron D. VanOort
Melina K. Williams
Stephen M. Mertz
FAEGRE & BENSON, LLP
90 South Seventh Street, #2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
avanoort@faegre.com
mwilliams2@faegre.com
smertz@faegre.com

**Counsel for Appellants Monarch Master Funding, Ltd., and Trilogy Portfolio Company, LLC**
Stephen N. Zack
Jennifer Gertrude Altman
BOIES, SCHILLER & FLEXNER LLP
100 Southeast 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
szack@bsfllp.com
jaltman@bsfllp.com

**Counsel for Appellants Citicorp North America, Inc. and the First Lien Term Lenders**
Harley Edward Riedel
Richard Craig Prosser
Amy Denton Harris
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
hriedel@srbp.com
rprosser@srbp.com
aharris.ecf@srbp.com

Philip C. Korologis
Eric Brenner
BOIES, SCHILLER & FLEXNER, LLP
575 Lexington Avenue, 7th Floor
New York, N. Y. 10022
Telephone: (212) 446-2315
Facsimile: (212) 446-2350
pkorologos@bsfllp.com
ebrenner@bsfllp.com

Thomas J. Hall
Thomas J. McCormack
Seven Rivera
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, N. Y. 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
thall@chadbourne.com
tmccormack@chadbourne.com
srivera@chadbourne.com

Allan E. Wulbern
Stephen D. Busey
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202
Telephone: 904-359-7700
Facsimile: 904-359-7708
awulbern@smithhulsey.com
busey@smithhulsey.com

Joseph H. Smolinski
WEIL GOTSHAL
767 Fifth Avenue
New York, N.Y. 10153
Telephone: 212-310-8767
Facsimile: 212-310-8007
Joseph.smolinsky@weil.com

**United States Trustee**

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
Telephone: (305) 536-7285
Facsimile: (305) 536-7360
Steven.d.schneiderman@usdoj.gov

**Counsel for Amicus Curiae**
**Commercial Finance Association**
Charles M. Tatelbaum
ADORNO & YOSS
350 E. Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 766-7820
Facsimile: (866) 621-4198
ctatelbaum@adorno.com

**James M. Cretella**
**Jonathan N. Helfat**
Otterbourg Steindler Houston &
Rosen PC
230 Park Avenue
29th Floor
New York, N.Y. 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104
jcretella@oshr.com
jhelfat@oshr.com

                                    **Nury Agudo**
**Richard M. Kohn**
**William C. Meyers**
Goldberg Kohn Ltd.
55 East Monroe Street, Suite 3300
Chicago, IL 60630
Telephone: 312-201-4000
Facsimile: 312-332-2196
nury.agudo@goldbergkohn.com
richard.kohn@goldbergkohn.com
william.meyers@goldbergkohn.com

**Counsel for Amicus Curiae Loan Syndications and Trading Association**
George A. Zimmerman
Mark A. McDermott
SKADDEN, ARPS, SLATE
MEAGHER & FLOM, LLP
4 Times Square
New York, N. Y. 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
George.Zimmerman@skadden.com
Mark.McDermott@skadden.com

Elliot Ganz
LOAN SYNDICATIONS &
TRADING ASSOCIATION
366 Madison Avenue
New York, N.Y. 10017
Telephone: (212) 880-3000
Facsimile: (212) 880-3040
eganz@lsta.org