UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 10-60019-CIV-JORDAN
(Case No. 10-60508-CIV-JORDAN)

CITICORP NORTH AMERICA, INC., et al.,

       Appellants,

vs.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., et al.,

       Appellees.
_____/

**SUPPLEMENTAL BRIEF BY AMICUS CURIAE LOAN SYNDICATIONS AND
TRADING ASSOCIATION PURSUANT TO THE COURT'S FEBRUARY 15 ORDER**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
George A. Zimmerman
New York Bar No. 121231
Mark McDermott
New York Bar No. 4468716
Four Times Square
New York, New York 10036
(212) 735-3000

LOAN SYNDICATIONS AND TRADING ASSOCIATION
Elliot Ganz
New York Bar No. 1730993
366 Madison Avenue
New York, New York 10017
New York Bar No. 1730993
(212) 880-3000
      -and-

MESSANA STERN, P.A.
Thomas M. Messana
Florida Bar No. 991422
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
 (954) 712-7405

*Attorneys for Amicus Curiae Loan Syndications and Trading Association*

## PRELIMINARY STATEMENT

*Amicus Curiae* Loan Syndications and Trading Association (the "LSTA") respectfully submits this Supplemental Brief pursuant to this Court's February 15, 2011 Order requesting supplemental briefing in light of the decision on appeal issued by the United States District Court for the Southern District of Florida in <u>Senior Transeastern Lenders v. Official Committee of Unsecured Creditors</u>, Case Nos. 10-cv-60017, 10-cv-61478, 10-cv-62032, 10-cv-62035, and 10-cv-62037 (D. Fla. entered Feb. 11, 2011) (Gold, J.) (the "Transeastern Decision"). Specifically, this Court sought the parties' views regarding "how Judge Gold's opinion and reasoning, if adhered to, affects the issues in the case."

In its *amicus* brief submitted in this appeal,[1] the LSTA contended that the Bankruptcy Court's decision and legal analysis rendered in <u>Official Comm. of Unsecured Creditors of TOUSA, Inc. v. Citicorp. N. Am., Inc.</u> (In re TOUSA), 422 B.R. 783 (Bankr. S.D. Fla. 2009) (the "Bankruptcy Court Decision") was flawed because, among other things, it was premised upon its refusal to acknowledge that the TOUSA corporate family operated as a single enterprise, its finding that the Conveying Subsidiaries[2] did not receive "reasonably equivalent value" was improperly premised upon an erroneous definition of "value" for fraudulent transfer purposes, and its determination to hold both the First Lien Lenders and the Transeastern Lenders responsible for the decline in the value of TOUSA's business since the July 31 Transaction was not supported by the facts or the law.

---

[1] The LSTA submitted its Brief by A*micus Curiae* Loan Syndications and Trading Association Supporting Reversal of Bankruptcy Court's Decision ("LSTA Brief") in all three docketed appeals from the Bankruptcy Court's decision. [cite to case numbers and docket entries]

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Bankruptcy Court's opinion and order.

1

In the Transeastern Decision, Judge Gold quashed the Bankruptcy Court Decision as it related to the fraudulent transfer liability of the Transeastern Lenders and determined that the Bankruptcy Court's imposition of remedies as to the Transeastern Lenders was null and void.[3] In so doing, Judge Gold effectively ruled on all the issues that are germane to the issues in the appeals before this Court and to which the LSTA averred there were grounds for reversal.

First, Judge Gold ruled that the TOUSA corporation held itself out as a consolidated enterprise and that it incurred unsecured debt through bond prospectuses in which it described itself as a highly integrated enterprise in which its subsidiaries played a critical role in the organization's vitality.[4] Second, Judge Gold ruled that the Bankruptcy Court's holding that the Conveying Subsidiaries did not receive reasonably equivalent value in the July 31 Transaction was "a clearly erroneous holding that must be reversed" and, due to the "overwhelming evidence of indirect benefits to the Conveying Subsidiaries that directly linked their survival as a going concern to TOUSA, reversal without remand is appropriate."[5] These issues substantially overlap with the issues that are on appeal before this Court, as Judge Gold recognized in his decision,[6]

---

[3] See Transeastern Decision at 112.

[4] See Transeastern Decision at 81-83.

[5] Transeastern Decision at 86.

[6] See Transeastern Decision at 112 n.66 ("the First and Second Lien Term Lenders in those proceedings also argue, as the Transeastern Lenders did here, that the Bankruptcy Court erred in holding that the July 31 Transaction did not confer reasonably equivalent value upon the Conveying Subsidiaries"); see also id. at 55 ("it is clearly erroneous that the Conveying Subsidiaries did not receive reasonably equivalent value in exchange for the transfer of that interest" and this issue "raises substantial arguments which overlap with positions taken by the First and Second Term Lenders on appeal"); id. ("The Bankruptcy Court Committed Clear Error, and Legally Erred, in Finding No Reasonably Equivalent Value for Any Direct Transfer of the Conveying Subsidiaries' Interest in the New Loan Proceeds to the Transeastern Lenders or in the Transfer of the Liens to the First and Second Lien Holders"). Judge Gold also found as "patently unreasonable and unworkable" the Bankruptcy Court's
*(cont'd)*

2

including the argument raised by the LSTA regarding the "reasonably equivalent value" analysis.[7]

If this Court adheres to Judge Gold's analysis and reasoning in his Transeastern Decision on these issues, it would result in quashing the Bankruptcy Court's Decision, without remand. Specifically, Judge Gold found that the Bankruptcy Court erred as a matter of fact and law that there was a fraudulent transfer as to the Transeastern Lenders as a result of the July 31 Transaction because the Conveying Subsidiaries received reasonably equivalent value through the indirect benefits that resulted from the July 31 Transaction.[8] Therefore, applying Judge Gold's reasoning and analysis in this regard would compel the conclusion that there was no fraudulent transfer as to the First and Second Lien Lenders as a result of the July 31 Transaction because, as already found by Judge Gold, the Conveying Subsidiaries received reasonably equivalent value through the indirect benefits resulting from the July 31 Transaction.

It would therefore follow that if there is no legal or factual basis for a finding that the July 31 Transaction constituted a fraudulent transfer, the Bankruptcy Court's imposition of remedies

---

*(cont'd from previous page)*
    ruling that the Transeastern Lenders were obliged to investigate the source of their valid debt repayment. This issue was not raised in the appeal before this Court.

[7]   See LSTA Brief at 14 – 20.

[8]   See Transeastern Decision at 61 ("Therefore there is reason to examine the 'reasonably equivalent value' issue in depth. Regardless if the bar is lower or is the same as between the Transeastern Lenders and the New Lenders, *if* the Conveying Subsidiaries received a reasonably equivalent value in exchange for each such transfer, there is *no* fraudulent transfer for Section 548 purposes.") (emphasis in original); see also id. at 63 ("the record established beyond dispute that the Conveying Subsidiaries *themselves*, as compared to only the TOUSA Parent, received indirect economic benefits, constituting reasonably equivalent 'value,' in exchange for their lien transfers") (emphasis in original).

on the First Lien Lenders must be quashed,[9] and any other issues addressed in the Bankruptcy Court's decision that were premised on a finding of a fraudulent transfer must similarly be quashed. For example, Judge Gold's determination that the Bankruptcy Court improperly reviewed the transactions "through the lens of retrospection," Transeastern Decision at 85, directly resolves the LSTA's argument that the Bankruptcy Court's hindsight analysis was erroneous. See LSTA Brief at 18-20. Similarly, adhering to Judge Gold's determination that there was no fraudulent transfer arising out of the July 31 Transaction would nullify any ambiguity – and therefore resolve the LSTA's position – that arose from the Bankruptcy Court's dicta on the validity of savings clauses in commercial loan documents. LSTA Brief at 20-24.

For all of the foregoing reasons, together with the reasons set forth in the Supplemental Brief of First Lien Appellants submitted in this case, the LSTA, as *amicus curiae*, respectfully submits that the order and opinion of the Bankruptcy Court be quashed in its entirety.

Dated: March 15, 2011

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

/s/ George A. Zimmerman
George A. Zimmerman
New York Bar No.121231
George.Zimmerman@skadden.com

---

[9] Transeastern Decision at 41 ("Because I reverse the Bankruptcy Court on the issue of liability as to the Transeastern Lenders, I need not address the issues raised on appeal as they relate to remedies."). This resolves the LSTA's argument that the Bankruptcy Court's imposition of remedies was erroneous. See LSTA Brief at 24-29.

>Mark McDermott
>New York Bar No. 4468716
>mark.mcdermott@skadden.com
>
>
>**LOAN SYNDICATIONS AND**
>**TRADING ASSOCIATION**
>366 Madison Avenue
>New York, NY 10017
>Telephone: (212) 880-3000
>Facsimile:  (212) 880-3040
>
>/s/ Elliot Ganz
>Elliot Ganz
>New York Bar No.1730993
>eganz@lsta.org
>
>
>**MESSANA STERN, P.A.**
>401 East Las Olas Boulevard, Suite 1400
>Fort Lauderdale, Florida 33301
>Telephone: (954) 712-7400
>Facsimile:   (954-712-7401
>
>
>/s/ Thomas M. Messana
>Thomas M. Messana
>Florida Bar No. 991422
>tmessana@mws-law.com
>
>
>*Attorneys for Amicus Curiae*
>*Loan Syndications and Trading Association*

5

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of March, 2011, I electronically filed the foregoing *Supplemental Brief by Amicus Curiae Loan Syndications and Trading Association Pursuant To The Court's February 15 Order* with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served via electronic transmission on all CM/ECF registered users identified on the attached Service List.

        Messana Stern, P.A.
        *Co-Counsel for the Movant*
        *Loan Syndications and Trading Association*
        401 East Las Olas Boulevard, Suite 1400
        Ft. Lauderdale, Florida 33301
        Telephone:  (954) 712-7400
        Facsimile:   (954) 712-7401

        /s/ Thomas M. Messana
           Thomas M. Messana
           Florida Bar No. 991422

## SERVICE LIST

**Counsel for the Official Committee of Unsecured Creditors:**
Lawrence S. Robbins
Donald Russell
Michael L. Waldman
ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER & SAUBER LLP
1801 K Street, NW, Suite 411-L
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile:  (202) 775-4510
lrobbins@robbinsrussell.com
drussell@robbinsrussell.com
mwaldman@robbinsrussell.com


Patricia A. Redmond
David C. Pollack
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, PA
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3553
Facsimile:  (305) 789-3395
predmond@swmwas.com
dpollack@swmwas.com

**Counsel for the Debtors:**

Daniel T. Donovan
Matthew E. Papez
Jeffrey S. Powell
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
 Suite 200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile:  (202) 879-5200
ddonovan@kirkland.com
mpapez@kirkland.com
jpowell@kirk1and.com


Paul Steven Singerman
Paul Avron
BERGER SINGERMAN, P.A.
200 South Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: (305) 775-9500
Facsimile:  (305) 714-4340
Singerman@bergersingerman.com
pavron@bergersingerman.com

Richard M. Cieri
Paul M. Basta
M. Natasha Labovitz
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, N.Y. 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
rcieri@kirkland.com
pbasta@kirkland.com
nlabovitz@kirkland.com

| **Counsel for Wells Fargo Bank, N.A. and Second Lien Term Loan Lenders** | **Counsel for Senior Transeastern Lenders** |
|---|---|
| Evan D. Flaschen | Patrick Marecki |
| Gregory W. Nye | Gabrielle Ruha |
| Richard F. Whiteley | Alan J. Stone |
| Heath A. Novosad | Andrew M. LeBlanc |
| BRACEWELL & GIULIANI LLP | Andrew Beirne |
| Goodwin Square | Atara Miller |
| 225 Asylum Street, Suite 2600 | MILLBANK, TWEED, HADLEY & |
| Hartford, CT 06013 | MCCLOY, LLP |
| Telephone: (860) 947-9000 | 1 Chase Manhattan Plaza |
| Facsimile: (860) 246-3201 | New York, N.Y. 10005 |
| evan.flaschen@bgllp.com | Telephone: (212) 530-5287 |
| gregory.nye@bgllp.com | Facsimile: (212) 530-5210 |
| Richard.whiteley@bgllp.com | pmarecki@milbank.com |
| heath.novosad@bgllp.com | gruha@milbank.com |
|  | astone@milbank.com |
|  | aleblanc@milbank.com |
|  | abierne@milbank.com |
|  | amiller@milbank.com |
| Scott L. Baena | Michael I. Goldberg |
| Matthew I. Kramer | AKERMAN SENTERFITT |
| Jeffrey Snyder | 350 E. Las Olas Blvd., Suite 1600 |
| BILZIN SUMBERG BAENA PRICE & AXELROD, LLP | Fort Lauderdale, FL 33301 |
| 200 South Biscayne Boulevard, Suite 2500 | Telephone: (954) 463-2700 |
| Miami, FL 33131 | Facsimile: (954) 463-2224 |
| Telephone: (305) 350-7245 | michael.goldberg@akerman.com |
| Facsimile: (305) 374-7593 |  |
| sbaena@bilzin.com | Nancy A. Copperthwaite |
| mkramer@bilzin.com | AKERMAN SENTERFITT |
| jsnyder@bilzin.com | 1 S.E. 3rd Avenue, 25th Floor |
|  | Miami, FL 33131 |
| David M. Levine | Telephone: (305) 374-5600 |
| Lawrence A. Kellogg | Facsimile: (305) 374-5095 |
| Robin J. Rubens | Nancy.Copperthwaite@akerman.com |
| Jeffrey C. Schneider |  |
| LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN, LLP | Ceci Culpepper Berman |
|  | FOWLER WHITE BOGGS BANKER |
| 201 South Biscayne Blvd. | 501 E. Kenneth Blvd., Suite 1700 |
| Miami Center – 34th Floor | Tampa, FL 33602 |
| Miami, FL 33131 | Telephone: (813) 222-1136 |
| Telephone: (305)-403-8788 | Facsimile: (813) 229-8313 |
| Facsimile: (305) 403-8789 | cberman@fowlerwhite.com |

dml@LKLlaw.com
lak@LKLlaw.com
rjr@LKLlaw.com
jcs@LKLlaw.com

Aaron D. VanOort
Melina K. Williams
Stephen M. Mertz
FAEGRE & BENSON, LLP
90 South Seventh Street, #2200
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
avanoort@faegre.com
mwilliams2@faegre.com
smertz@faegre.com

**Counsel for Appellants Monarch Master Funding, Ltd., and Trilogy Portfolio Company, LLC**
Stephen N. Zack
Jennifer Gertrude Altman
BOIES, SCHILLER & FLEXNER LLP
100 Southeast 2nd Street, Suite 2800
Miami, FL 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
szack@bsfllp.com
jaltman@bsfllp.com

**Counsel for Appellants Citicorp North America, Inc. and the First Lien Term Lenders**
Harley Edward Riedel
Richard Craig Prosser
Amy Denton Harris
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602-4718
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
hriedel@srbp.com
rprosser@srbp.com
aharris.ecf@srbp.com

Philip C. Korologis
Eric Brenner
BOIES, SCHILLER & FLEXNER, LLP
575 Lexington Avenue, 7th Floor
New York, N. Y. 10022
Telephone: (212) 446-2315
Facsimile: (212) 446-2350
pkorologos@bsfllp.com
ebrenner@bsfllp.com

Thomas J. Hall
Thomas J. McCormack
Seven Rivera
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, N. Y. 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
thall@chadbourne.com
tmccormack@chadbourne.com
srivera@chadbourne.com

Allan E. Wulbern
Stephen D. Busey
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202
Telephone: 904-359-7700
Facsimile: 904-359-7708
awulbern@smithhulsey.com
busey@smithhulsey.com

Joseph H. Smolinski
WEIL GOTSHAL
767 Fifth Avenue
New York, N.Y. 10153
Telephone: 212-310-8767
Facsimile: 212-310-8007
Joseph.smolinsky@weil.com

**United States Trustee**

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130
Telephone: (305) 536-7285
Facsimile: (305) 536-7360
Steven.d.schneiderman@usdoj.gov

**Counsel for Amicus Curiae Commercial Finance Association**

Charles M. Tatelbaum
Yoss LLP
350 E. Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 766-7820
Facsimile: (866) 621-4198
ctatelbaum@adorno.com

**James M. Cretella**
**Jonathan N. Helfat**
Otterbourg Steindler Houston & Rosen PC
230 Park Avenue
29th Floor
New York, N.Y. 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104
jcretella@oshr.com
jhelfat@oshr.com

10

        **Nury Agudo**
        **Richard M. Kohn**
        **William C. Meyers**
        Goldberg Kohn Ltd.
        55 East Monroe Street, Suite 3300
        Chicago, IL 60630
        Telephone: 312-201-4000
        Facsimile:   312-332-2196
        nury.agudo@goldbergkohn.com
        richard.kohn@goldbergkohn.com
        william.meyers@goldbergkohn.com