UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re:
TOUSA, INC., *et al.*,

          Debtors.

---

CITICORP NORTH AMERICA, INC., *et al.*,

          Appellants,

vs.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.*,

          Appellee,

and

TOUSA, INC., *et al.*,

         Appellees.

Case No. 10-60019-CIV-JORDAN
Case No. 10-60508-CIV-JORDAN
Case No. 10-61731-CIV-JORDAN

**SUPPLEMENTAL BRIEF OF FIRST LIEN APPELLANTS**

| | |
|---|---|
| **BOIES, SCHILLER & FLEXNER LLP**<br>100 Southeast 2nd Street, Suite 2800<br>Miami, Florida 33131<br>Telephone: (305) 539-8400<br>Facsimile: (305) 539-1307<br><br>-and-<br><br>575 Lexington Avenue, 7th Floor<br>New York, New York 10022<br>Telephone: (212) 446-2315<br>Facsimile: (212) 446-2350<br><br>*Attorneys for Appellants Monarch Master Funding Ltd. and Trilogy Portfolio Company, LLC* | **STICHTER, RIEDEL, BLAIN & PROSSER, P.A.**<br>110 East Madison Street, Suite 200<br>Tampa, Florida 33602-4718<br>Telephone: (813) 229-0144<br>Facsimile: (813) 229-1811<br><br>-and-<br><br>**CHADBOURNE & PARKE LLP**<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369<br><br>*Attorneys for Appellants Citicorp North America, Inc. and Certain First Lien Term Lenders* |

The Court's February 15, 2011 Order requested supplemental briefing regarding Judge Gold's opinion and order (the "Transeastern Order") in the related bankruptcy appeals styled *Senior Transeastern Lenders v. Official Committee of Unsecured Creditors*, Case Nos. 10-cv-60017 [D.E. 131], 10-cv-61478 [D.E. 23], 10-cv-62032 [D.E. 15], 10-cv-62035 [D.E. 15], and 10-cv-62037 [D.E. 13].  Specifically, the Court sought the parties' views regarding "how Judge Gold's opinion and reasoning, if adhered to, affects the issues in the case."  In response, the First Lien Appellants[1] state as follows:

1. Judge Gold ruled on the following issues in the Transeastern Order:

    a. the Bankruptcy Court's "direct transferee" theory of the Transeastern Lender's liability (Transeastern Order at 48 - 55);

    b. the Bankruptcy Court's finding that the Conveying Subsidiaries did not receive reasonably equivalent value in the July 31 Transaction (*id.* at 56 - 91);

    c. the Bankruptcy Court's theory that the Transeastern Lenders should disgorge under Section 550 of the Bankruptcy Code the value of the liens as the parties "for whose benefit" the Term Loans were made (*id.* at 92-110);

    d. the propriety of the Bankruptcy Court's conduct in the proceedings below, including the fairness of the Bankruptcy Court's consideration of defendants' evidence and arguments (*id.* at 111 n.65) and the Bankruptcy Court's adoption nearly verbatim of the Committee's Proposed Findings and Conclusions of Law (*id.* at 42-46, 111-12); and

---

[1] The First Lien Appellants are: Citicorp North America, Inc., Bank of America, N.A.; Castlerigg Master Investments, Ltd.; CFIP Master Fund, Ltd.; CGDO, LLC (as agent for Chilton Global Credit Opportunities Master Fund LP); Citibank, N.A.; Cyrus SPV I LLC; Fidelity REOI Cayman Ltd.; Fidelity Fixed Income Trust: Fidelity Strategic Real Return Fund; The Foothill Group, Inc.; Goldman Sachs Credit Partners L.P.; Grand Central Asset Trust, Gaia Series; Grand Central Asset Trust, SIL Series; HBK Master Fund L.P.; Helios Funding LLC; Investment CBNA Loan Funding LLC; JPMorgan Chase Bank, N.A.; JP Morgan Whitefriars Inc.; McDonnell Loan Opportunity Ltd.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Monarch Master Funding Ltd.; Morgan Stanley Senior Funding, Inc.; Perry Principals, L.L.C.; Royal Bank of Canada; SOF Investments, L.P.; Taconic Capital Partners 1.5 L.P.; Taconic Opportunity Fund L.P.; Trilogy Portfolio Company, LLC; Van Kampen Dynamic Credit Opportunities Fund; Van Kampen Senior Income Trust; Van Kampen Senior Loan Fund; WCP Real Estate Strategies Fund; and WCP Real Estate Strategies Fund (Cayman), L.P.  Unless otherwise specified, all other capitalized terms have the meanings set forth in the First Lien Appellants' Opening Brief.  10-cv-60019 [D.E. 69].

      e. the Transeastern Lenders' bonding requirements in light of Judge Gold's decision to quash the Bankruptcy Court's Order as to their liability (*id*. at 112-13).

2. Judge Gold's holdings regarding the "direct transferee" and "for whose benefit" issues do not bear on the First Lien Lenders' appeal in this case.

3. Judge Gold's holding regarding reasonably equivalent value would require quashing the Fraudulent Transfer judgment below in this case. In particular, Judge Gold held that (a) the Bankruptcy Court's finding that the Conveying Subsidiaries did not receive reasonably equivalent value in the July 31 Transaction is a clearly erroneous holding that must be reversed (Transeastern Order at 55-86, 91, 112); (b) due to the overwhelming evidence of indirect benefits to the Conveying Subsidiaries that directly linked their survival as a going concern to that of TOUSA Parent, reversal without remand on this issue is appropriate (*id*. at 86-91, 112); and (c) reversal on this issue is further supported by additional and significant factual errors made by the Bankruptcy Court, as included in the Committee's virtual verbatim adopted findings, which further undermine the Bankruptcy Court's factual and legal conclusions (*id*. at 86, 110-12).

4. These issues—as Judge Gold's opinion recognizes[2]—are the same as the issues in dispute in the First Lien Appeal regarding reasonably equivalent value. (*See* Opening Brief of First Lien Appellants ("Opening Br.") (10-cv-60019 D.E. 69) at 50-69; *see also* Reply Brief of First Lien Appellants ("Reply") (10-cv-60019 D.E. 119) at 25-30 (arguing that the Bankruptcy

---

[2] Transeastern Order at 112 n.66 ("the First and Second Lien Term Lenders in those proceedings also argue, as the Transeastern Lenders did here, that the Bankruptcy Court erred in holding that the July 31 Transaction did not confer reasonably equivalent value upon the Conveying Subsidiaries"); *see also id.* at 55 ("it is clearly erroneous that the Conveying Subsidiaries did not receive reasonably equivalent value in exchange for the transfer of that interest" and this issue "raises substantial arguments which overlap with positions taken by the First and Second Term Lenders on appeal"); *id.* ("The Bankruptcy Court Committed Clear Error, and Legally Erred, in Finding No Reasonably Equivalent Value for Any Direct Transfer of the Conveying Subsidiaries' Interest in the New Loan Proceeds to the Transeastern Lenders or *in the Transfer of the Liens to the First and Second Lien Holders*") (emphasis added).

Court must be reversed because it held that indirect benefits to the Conveying Subsidiaries were legally not cognizable), at 33-42 (arguing that the Bankruptcy Court must be reversed because it ignored the overwhelming evidence of indirect benefits to the Conveying Subsidiaries).) Accordingly, adhering to Judge Gold's ruling would likewise result in quashing the Fraudulent Transfer Judgment as to the First Lien Appellants in the instant appeal, without remand.[3]

5.  Adhering to Judge Gold's ruling on reasonably equivalent value would also require rejection of one of the Committee's arguments regarding *preference* issues. Specifically, in Section V(A)(4) of its Appeal Brief, the Committee defended the Bankruptcy Court's application of the "hypothetical Chapter 7 test" in connection with the Preference Judgment on the basis that: "*If the Conveying Subsidiaries' Liens and Obligations Are Avoided*, the Chapter 7 Test Is Satisfied Even Under Defendants' View of Liquidation Value On the Petition Date." (Comm. Br. at 209 (emphasis added).) By definition, this argument must fail if the Conveying Subsidiaries' liens and obligation are *not* avoided. Thus, if the Court follows Judge Gold's ruling on reasonably equivalent value, the Committee's preference arguments in Section V(A)(4) must be rejected, and the Committee's arguments regarding the hypothetical Chapter 7 test would rest only on its defense of the Liquidation Analysis in Sections V(A)(1)-(3) of its Appeal Brief (which are addressed in the First Lien Appellants' Opening Br. at 36-42 and Reply Br. at 4 – 12). The merits of this argument regarding the hypothetical chapter 7 test remain ripe for disposition by this Court in all events. The question of whether the granting of a security interest in the Tax Refund occurred within the 90-day preference period also remains ripe for disposition by this Court, regardless of whether the holding and reasoning of Judge Gold's Transeastern Order is followed.

---

[3] Adhering to Judge Gold's ruling on reasonably equivalent value would also render moot the related Payments Appeal pending before the Court (Case 10-cv-61731-AJ), since that appeal concerns the amounts due by appellants *assuming the Fraudulent Transfer Judgment is upheld.*

3

6.     Judge Gold also made the following rulings regarding the Bankruptcy Court's conduct:  (a) Judge Gold found that the "clearly erroneous" standard of review for factual findings should be relaxed because the "Bankruptcy Court's Order is practically a verbatim adoption of the Committee's Proposed Findings of Fact and Conclusions of Law submitted after trial," (Transeastern Order at 43-45; *see also id.* at 86, 111-12), and (b) Judge Gold found "persuasive" the Transeastern Lenders' argument that, if a remand was warranted, the case should be reassigned to another bankruptcy judge because of serious doubts about the Bankruptcy Court's ability to approach the Defendants' evidence and arguments fairly, (*id.* at 111 n.65).  Adhering to these aspects of Judge Gold's Order would require this Court to (a) similarly apply a relaxed standard of review of the Bankruptcy Court's factual findings, both in connection with the Fraudulent Transfer Judgment, the Preference Judgment, and the Bankruptcy Court's pretrial dismissal of CNAI's third party claim against the Debtors; and (b) direct reassignment of the case to another bankruptcy judge if remand on any issue is required.

7.     Finally, Judge Gold held that as a consequence of his ruling quashing the Bankruptcy Court's order as it relates to the liability of the Transeastern Lenders, "[a]ll bonds deposited by the Transeastern Lenders in response to the Bankruptcy Court's Order on Motion for Stay Pending Appeal … are DISCHARGED.  However, such funds shall not be discharged if any Party files an appeal of this decision in which case the bonds shall remain in effect pending resolution of any appeals." (Transeastern Order at 112-13.)  This aspect (and only this aspect) of the Transeastern Order is subject to a motion for rehearing.  (*See* Transeastern Lenders' Motion for Limited Rehearing on the Conditional Release of the Posted Bonds and Supporting Memorandum (10-cv-60017 D.E. 132) (arguing, *inter alia*, superseadas bonds should be released

4

when appellant has "substantially prevailed" and no longer is facing an enforceable judgment).) If Judge Gold agrees with the Transeastern Lenders that their bonds should be discharged as a matter of law because they substantially prevailed on their appeal, adhering to that ruling would similarly require discharge of the First Lien Appellants' bonds if the Court determines that the First Lien Appellants have substantially prevailed.  If, on the other hand, Judge Gold affirms his order regarding the preservation of the Transeastern Lenders' bonds on the discretionary grounds urged by the Committee, (*see, e.g.,* Opposition of the Official Committee of Unsecured Creditors to the Senior Transeastern Lenders' Motion for Unconditional Release of the Posted Bonds (10-cv-60017 D.E. 133) at 5-6 ("This Court Appropriately Exercised Its Discretion To Preserve the Bonds Pending Appeal.")), adhering to that ruling would not govern any bonding issues with respect to the First Lien Appellants in this appeal as the Transeastern Lenders and the First Lien Lenders are differently situated in material respects.  (*See, e.g.,* Notice of Relevant Orders (10-cv-60017) at 2 (describing calculations that show that under the remedial scheme adopted by the Bankruptcy Court the First Lien Lenders are entitled to *receive* on a net basis $344,013,628 and therefore owe nothing under the Final Judgment).)

8.   In sum, the First Lien Appellants respectfully submit that the Final Judgment should be quashed in its entirety for the reasons set forth in Judge Gold's opinion as well as for the various independent grounds for reversal set forth in the First Lien Appellants' Opening and Reply Briefs and at oral argument, and judgment should be entered in their favor on all of the Committee's claims.[4]

---

[4] In addition, as set forth in the First Lien Appellants' Appeal Brief, the First Lien Appellants have joined in the arguments of the Second Lien Appellants.  The First Lien Appellants understand that the Second Lien Appellants will be submitting their own Supplemental Brief in response to the Court's February 15, 2011 Order.

5

Dated: March 15, 2011

Respectfully submitted,

| **BOIES, SCHILLER & FLEXNER LLP** | **STICHTER, RIEDEL, BLAIN & PROSSER, P.A.** |
|---|---|
| By: /s/ Jennifer G. Altman | By: *[signature]* |
| Stephen N. Zack | Harley Edward Riedel (183628) |
| Jennifer G. Altman | Richard Craig Prosser (354831) |
| 100 Southeast 2nd Street, Suite 2800 | Amy Denton Harris (0634506) |
| Miami, Florida 33131 | 110 East Madison Street, Suite 200 |
| Telephone: (305) 539-8400 | Tampa, Florida 33602-4718 |
| Facsimile: (305) 539-1307 | Telephone: (813) 229-0144 |
|  | Facsimile: (813) 229-1811 |
| -and- | -and- |
| Philip Korologos (admitted *pro hac vice*) | **CHADBOURNE & PARKE LLP** |
| Eric Brenner (admitted *pro hac vice*) | Thomas J. Hall (admitted *pro hac vice*) |
| Boies, Schiller & Flexner LLP | Thomas J. McCormack (admitted *pro hac vice*) |
| 575 Lexington Avenue, 7th Floor | Seven Rivera (admitted *pro hac vice*) |
| New York, New York 10022 | 30 Rockefeller Plaza |
| Telephone: (212) 446-2315 | New York, New York 10112 |
| Facsimile: (212) 446-2350 | Telephone: (212) 408-5100 |
|  | Facsimile: (212) 541-5369 |
| *Attorneys for Appellants Monarch Master Funding Ltd. and Trilogy Portfolio Company, LLC* | *Attorneys for Appellants Citicorp North America, Inc. and certain First Lien Term Lenders* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **SUPPLEMENTAL BRIEF OF FIRST LIEN APPELLANTS** has been furnished on this 15th day of March, 2011, electronically via the Court's CM/ECF system and via electronic mail to:

**Counsel for the Official Committee of Unsecured Creditors:**

Lawrence S. Robbins
Alan D. Strasser
Michael L. Waldman
1801 K Street, NW, Suite 411
ROBBINS RUSSELL ENGLERT ORSECK UNTEREINER & SAUBER LLP
Washington, D.C.  20006
Telephone:  (202) 775-4500
Facsimile:  (202) 775-4510
lrobbins@robbinsrussell.com
astrasser@robbinsrussell.com
mwaldman@robbinsrussell.com

Patricia A. Redmond
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida  33130
Telephone:  (305) 789-3553
Facsimile:  (305) 789-3395
predmond@swmwas.com

**Counsel for the Debtors TOUSA, Inc., et al.:**

Richard M. Cieri
Paul M. Basta
M. Natasha Labovitz
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
rcieri@kirkland.com
pbasta@kirkland.com
nlabovitz@kirkland.com

Paul Steven Singerman
BERGER SINGERMAN, P.A.
200 South Biscayne Boulevard
Suite 1000
Miami, Florida  33131
Telephone:  (305) 775-9500
singerman@bergersingerman.com

Daniel T. Donovan
Matthew E. Papez
Jeffrey S. Powell
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 879-5000

Facsimile:  (202) 879-5200
ddonovan@kirkland.com
mpapez@kirkland.com
jpowell@kirkland.com

### Counsel for Wells Fargo Bank, N.A. and Second Lien Lenders:

Evan D. Flaschen
Gregory W. Nye
Richard F. Whiteley
Heath A. Novosad
BRACEWELL & GIULIANI LLP
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, Connecticut  06013
Telephone:  (860) 947-9000
Facsimile:  (860) 246-3201
evan.flaschen@bgllp.com
gregory.nye@bgllp.com
ddunne@milbank.com

Scott L. Baena
Matthew I. Kramer
Jeffrey Snyder
BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
200 South Biscayne Boulevard, Suite 2500
Miami, Florida  33131
Telephone:  (305) 350-7245
Facsimile:  (305) 374-7593
sbaena@bilzin.com
mkramer@bilzin.com
jsnyder@bilzin.com

### Counsel for Senior Transeastern Lenders (Group 1):

Dennis F. Dunne
Andrew M. LeBlanc
Andrew Beirne
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY &
MCCLOY, LLP
1 Chase Manhattan Plaza
New York, New York  10005
Telephone:  (212) 530-5287
Facsimile:  (212) 530-5219
ddunne@milbank.com
aleblanc@milbank.com
abeirne@milbank.com
dodonnell@milbank.com

Michael I. Goldberg
AKERMAN SENTERFITT
Los Olas Centre II, Suite 1600
Fort Lauderdale, Florida  33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
michael.goldberg@akerman.com

**Counsel for Senior Transeastern Lenders (Group 2):**

Ceci Culpepper Berman
Darren David Farfante
FOWLER WHITE BOGGS P.A.
501 E Kennedy Boulevard
Suite 1700 PO Box 1438
Tampa, Florida  33602
Telephone:  (813) 222-1136
Fax:  (813) 229-8313
cberman@fowlerwhite.com
dfarfante@fowlerwhite.com

**United States Trustee:**

Steven D. Schneiderman
Office of the U.S. Trustee
51 S.W. 1st Avenue, Suite 1204
Miami, Florida  33130
Telephone:  (305) 536-7285
Facsimile:  (305) 536-7360
Steven.D.Schneiderman@usdoj.gov


                                                 /s/ Jennifer G. Altman
                                                 Jennifer G. Altman