# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-60017-CIV-GOLD
L.T. Nos. 08-10929-JKO & 08-01435-JKO

In re:

TOUSA, INC., *et al.*,

                Debtors.

3V CAPITAL MASTER FUND LTD., *et al.*,

                Appellants,

v.

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF TOUSA, INC., *et al.*,

                Appellees,

and

TOUSA, INC., *et al.*,

                Appellees.

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE SENIOR TRANSEASTERN LENDERS' MOTION FOR UNCONDITIONAL <u>RELEASE OF THE POSTED BONDS</u>**

This Court should reject the Senior Transeastern Lenders' motion to release unconditionally the bonds and cash they posted in return for obtaining a stay of the bankruptcy court's judgment. In support of their motion, the Senior Transeastern Lenders claim not only that this Court *should* unconditionally release the bonds (Mot. 9-13), but that it *must* do so, pursuant to the bonds' terms (Mot. 6-9). Both contentions are wrong—the latter especially so. The bonds remain valid obligations according to their plain terms, notwithstanding this Court's February 11, 2011 Order. In any event, this Court's authority to preserve the bonds pending appeal is not governed by the terms of the bonds, but by the Court's ample inherent and statutory powers. This Court appropriately

exercised that authority to maintain the status quo pending appeal to the Eleventh Circuit. In the event that the court of appeals affirms the bankruptcy court's judgment, the bonds will be essential to the Committee's (and thus the estate's) ability to execute the judgment timely and effectively.

### I. The Bonds Are Valid Obligations, And This Court Has Authority To Preserve Them Pending Appeal To The Eleventh Circuit

In its Opinion and Order on Appeals by the Senior Transeastern Lenders (the "Order"), this Court ordered that the Senior Transeastern Lenders' bonds "shall not be discharged if any Party files an appeal of this decision in which case the bonds shall remain in effect pending resolution of any appeals." Order 112-13. The Senior Transeastern Lenders assert that the Court lacked authority to issue this order. See Mot. 6-9. In particular, they claim that because the Order quashed the liability of the Senior Transeastern Lenders (Order 112), the obligations in the bonds were voided pursuant to their terms, and this Court must therefore "complete[ly] discharge" the bonds (Mot. 6).

1. This is incorrect. As an initial matter, the Order did not void the obligations contained in the bonds. Nowhere do the bonds state that they will be discharged based on a decision at an interim stage of the appeals process, or that determination of whether the appeal has been prosecuted "to effect" will be made at that stage. The Senior Transeastern Lenders identify no such language, and none of the cases they cite involves review by an intermediate appellate court such as this one. See Mot. 6-9. To the contrary, under well-settled principles, a "surety on an appeal bond is not discharged by a reversal of the judgment if the judgment is ultimately affirmed on rehearing or on further appeal." Restatement (First) of Security § 191 (1941); see also *id.* cmt. a ("Where a judgment is reversed on appeal and . . . a subsequent appeal is taken to a higher court which reverses the intermediate court, the net effect is an affirmance of the judgment in the intermediate court. . . . To discharge the surety on the appeal bond, the reversal by the intermediate court must be a final

2

determination of the appeal in favor of the appellant."); see also *Spruks v. U.S. Fidelity & Guaranty Co.*, 138 F.2d 812, 815 (3d Cir. 1943) ("The judgment or decree appealed from as ultimately affected by the appeal is the factor which finally measures the scope of the liability under the bond.").

The plain language of the bonds similarly contemplates that they will remain valid throughout the appeals process. The bonds state unequivocally that the Senior Transeastern Lenders *must* pay their share of the bankruptcy court's judgment "'if the Final Judgment is affirmed'" or, *inter alia*, as that judgment is "'modified on appeal.'" Mot. 7 (quoting a sample bond); see also *ibid.* (Senior Transeastern Lenders must "'pay the Judgment or such part of the Judgment which is not reversed'"). "'[O]therwise,'" *the obligations established by the bonds* "'shall remain in full force and effect.'" *Ibid.* (emphasis added).[1] Should the Eleventh Circuit affirm the bankruptcy court's judgment, then plainly the "'Final Judgment [has been] affirmed.'" *Ibid.* Accordingly, by the very terms of the bonds, they remain in "full force and effect" until there is a definitive decision as to whether the "Final Judgment has been affirmed" and here that requires at least a decision by the Eleventh Circuit. *Ibid.*; see also, *e.g.*, *Rector v. Mass. Bonding & Ins. Co.*, 191 F.2d 329, 331 (D.C. Cir. 1951) ("Liability on a supersedeas bond depends upon a retrospective evaluation of the extent to which a judgment has been affected by an appeal. There is no question that the appeal has had no

---

[1] Such language is also contained in other sections of the bonds which the Senior Transeastern Lenders did not excerpt. See, *e.g.*, Supersedeas Bond of Aurum CLO 2002-1 Ltd., et al. at 2, No. 08-01435-JKO, D.E. 825 (Senior Transeastern Lenders and surety "bind [themselves] . . . for the payment of (1) the Principals' pro rata share of the Final Judgment, now appealed from, . . . or (2) if the Final Judgment is modified, the Principals' pro rata share of the amount awarded by the appellate court").

In a similar vein, other language in the bonds (also not excerpted by the Senior Transeastern Lenders) expressly contemplates appeals to higher courts. See, *e.g.*, *ibid.* ("**AND WHEREAS** the [Senior Transeastern Lenders] timely filed a Notice of Appeal . . . to [this Court], and that further appeals to the United States Court of Appeals for the Eleventh Circuit or the United States Supreme Court may ultimately be taken").

effect if the judgment below is affirmed or if the appeal is dismissed.").[2] The Senior Transeastern Lenders simply ignore this language.

  2. In any event, the terms of the bonds are irrelevant to the question at issue here, which is *not* whether the Senior Transeastern Lenders and their sureties are presently liable under the bonds, but simply whether this Court has authority to keep the bonds in place pending appeal. The answer to *that* question is governed not by the bonds' terms, but by long-settled rules concerning the authority of appellate courts to dispose of decisions under review. Under those principles, courts acting in appellate capacity enjoy broad authority to fashion their decrees, *e.g.*, *United States v. Kearney*, 420 F.2d 170, 173 n.4 (D.C. Cir. 1969) (recognizing "[t]he broad authority of a Federal appellate court to make disposition in the interest of justice" (citing 28 U.S.C. § 2106)),[3] and in particular to maintain the status quo pending appeal, *e.g.*, *Superior Trucking Co. v. United States*, 614 F.2d 481, 483-84 (5th Cir. 1980) (acknowledging "the inherent power of the courts of appeals to maintain the status quo pending review"); *Mountain Empire Oil Co. v. Callahn, Jr. (In re Lambert Oil Co.)*, 375 B.R. 197, 199 (W.D. Va. 2007) (granting stay in bankruptcy appeal pending further appeal to circuit court, and acknowledging "the recognized inherent power of inferior courts to preserve the status quo pending appeals"). These statutory and inherent sources of power afford the Court ample authority to decline to release the bonds. This comports with logic: Since this Court could simply stay its entire judgment (see Fed. R. Bankr. P. 8017(b)), *a fortiori* it may in effect stay part of it.

---

[2] The First Lien Lenders share this interpretation. See First Lien Reply In Further Support Of Motion For Entry Of Order at 3, No. 08-01435-JKO, D.E. 1031 ("The bonds are **not** conditioned on payment of premiums. They were not limited to one year. They remain 'in full force and effect' until each First Lien Lender pays its portion of the Judgment." (emphasis in original)).

[3] See also 28 U.S.C. § 2106 (authorizing any "court of appellate jurisdiction" to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review"); *Ederel Sport, Inc. v. Gotcha Int'l L.P. (In re Gotcha Int'l L.P.)*, 311 B.R. 250, 254

4

The cases the Senior Transeastern Lenders cite do not remotely hold otherwise. Not a single one of them holds that an appellate court lacks authority to maintain the bonds pending appeal. See Mot. 6-9.

## II. This Court Appropriately Exercised Its Discretion To Preserve The Bonds Pending Appeal

The Senior Transeastern Lenders' remaining arguments do not claim that this Court *must* discharge the bonds, but merely that it *should* do so in its discretion. Mot. 9-13. Their arguments are unavailing.

The Senior Transeastern Lenders first claim that because this Court's Order quashed their liability under the bankruptcy court's judgment, the bonds no longer serve a purpose. Mot. 9-10. This is false. The purpose of the bonds was and remains to protect the Committee in the event the bankruptcy court's judgment is ultimately affirmed; this is because, but for the bonds, the Committee *already* could have sought to execute the bankruptcy court's judgment, and indeed could have done so long ago. See, *e.g.*, *Rector*, 191 F.2d at 332 ("'The whole theory of [requiring supersedeas bonds] in such cases is that, so far as the judgment[] appealed from is finally declared to be right, the party in whose favor it is shall not suffer by the stay, and that so far as it is found to be right it will be complied with.'" (quoting *Bem v. Shoemaker*, 64 N.W. 544, 546 (S.D. 1895)). In the forthcoming appeal, the Eleventh Circuit will review the bankruptcy court's judgment without deference to this Court's Order. See *McMillan v. Joseph Decosimo & Co. (In re Das A. Borden & Co.)*, 131 F.3d 1459, 1462 (11th Cir. 1997) ("As the second court of review in this bankruptcy matter, this court's review of the decision of the district court is entirely *de novo*."). If the Eleventh Circuit affirms the bankruptcy court's judgment, then preservation of the bonds will be essential to the Committee's

---

(B.A.P. 9th Cir. 2004) ("[Bankruptcy Rule 8013] implements 28 U.S.C. § 2106").

5

ability to execute the judgment timely and successfully.[4] The Senior Transeastern Lenders comprise more than thirty distinct entities (see Mot. App. A), and their financial condition in light of the worldwide economic recession is unknown. See, *e.g.*, Order On Motions For Stay Pending Appeal at 7, No. 08-01435-JKO, D.E. 723 ("The Senior Transeastern Lenders have offered no evidence whatsoever as to the financial condition of their 65 financial institutions and funds . . . ."). It would be highly unjust if the Eleventh Circuit affirms the bankruptcy court's judgment only for the Senior Transeastern Lenders to evade execution solely due to a temporary victory in this Court. There is nothing illogical (Mot. 9) or unfair about maintaining the status quo and preserving the bonds to guard against that result.[5]

Nor is there any merit to the Senior Transeastern Lenders' assertion that preserving the bonds will unfairly advantage the handful of Senior Transeastern Lenders that chose to risk execution of the bankruptcy court's judgment (Mot. 10-11). In retrospect and in light of this Court's Order, such lenders may be pleased with their decision not to have posted bonds. But these lenders could easily have found themselves in a different position: Had the Committee successfully collected from them, then *they* would now bear the risk of non-collection in the event the Eleventh Circuit affirms this Court's Order. In contrast, the Senior Transeastern Lenders that posted bonds or cash protected themselves entirely from this contingency by ensuring that the Committee could not execute the judgment. That the tables have now turned should not occasion any sympathy for these lenders—

---

[4] Indeed, even if the Eleventh Circuit *reverses* the bankruptcy court's judgment in part, the obligations in the bonds would still be valid. See, *e.g.*, *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1071 (10th Cir. 2008) (appeal not prosecuted "to effect" where appellate court remanded on damages but affirmed liability of appellant); *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 930 F.2d 1572, 1576 (Fed. Cir. 1991) (same); *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 799 (4th Cir. 1986) (same); *Franklinville Realty Co. v. Arnold Constr. Co.*, 132 F.2d 828, 829 (5th Cir. 1943) (same).

6

savvy financial institutions and funds that were fully aware of the risks and benefits of their decision to seek a stay.

Finally, contrary to the Senior Transeastern Lenders' assertion (Mot. 11-13), releasing the bonds is surely *not* in the best financial interests of the estate. The premiums paid on the bonds can be taxed to the loser on appeal, but only in the court's discretion. See Fed R. Bankr. P. 8014 (supersedeas costs allowed "[e]xcept as otherwise . . . ordered"); *Campbell v. Rainbow City*, 209 F. App'x 873, 875 (11th Cir. 2006) ("The district court's discretion under [Federal Rule of Appellate Procedure] 39(e) is therefore not qualified, and it may choose not to tax the losing party with those costs 'taxable' in the district court."). The Senior Transeastern Lenders' argument thus presupposes both that the Eleventh Circuit will deal them a complete victory,[6] and that if it does, the court will penalize the Committee heavily for defending in good-faith the bankruptcy court's judgment. Moreover, those contingencies must be weighed against the severe harm the estate will suffer if the Eleventh Circuit affirms the bankruptcy court's judgment but, because this Court has released the bonds, the estate (via the Committee) cannot successfully execute the judgment. Then, the estate (and all its creditors) stand to lose not merely bond premiums amounting to at most a few million dollars, but more than $450 million. We submit that the Court should not impose that risk on the estate.

---

[5] For the same reasons, preserving the bonds is not akin to prejudgment attachment.
[6] See, *e.g.*, *Bear Stearns Secs. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 421 B.R. 613, 619-20 (S.D.N.Y. 2009) (declining to tax cost of bond where result on appeal was mixed); *Konop v. Hawaiian Airlines, Inc.*, No. 05-00725, 2007 WL 954265, at *3 (D. Haw. Mar. 27, 2007) (same).

7

**CONCLUSION**

For the reasons stated above, the Senior Transeastern Lenders' motion should be denied.

Dated February 24, 2011

Respectfully submitted,

By: /s/ Patricia A. Redmond
Patricia A. Redmond (Fla. Bar # 303739)
David C. Pollack (Fla. Bar # 0362972)
STEARNS WEAVER MILLER
 WESSLER ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 220
Miami, FL 33130
Telephone: (305) 789-3553
Facimile: (305) 789-3395
predmond@stearnsweaver.com

ROBBINS, RUSSELL, ENGLERT,
 ORSECK, UNTEREINER & SAUBER LLP
Lawrence S. Robbins*
Donald J. Russell*
Michael L. Waldman*
1801 K Street N.W., Suite 411-L
Washington, DC 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
lrobbins@robbinsrussell.com

* admitted *pro hac vice*

*Attorneys for the Official Committee of Unsecured Creditors of TOUSA, Inc., et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2011, a true and correct copy of the foregoing document is being served electronically via e-mail or via the Court's CM-ECF Program to each person named on the attached Service List.

By: /s/ Patricia A. Redmond
    PATRICIA A. REDMOND

#748424 v1

**OCUC of TOUSA, Inc., et al. v. Citicorp North America, Inc., et al.**
**Appeals 10-61478, 10-62035,**
<u>**SERVICE LIST**</u>

| | |
|---|---|
| Paul Steven Singerman | singerman@bergersingerman.com |
| Paul Avron | pavron@bergersingerman.com |
| **BERGER SINGERMAN P.A.,** *Local Counsel* | |
| 200 S. Biscayne Blvd., Suite 1000 | Telephone: 305.775.9500 |
| Miami, FL 33131 | Facsimile: 305.714.4340 |
| – and – | |
| Paul M. Basta | pbasta@kirkland.com |
| Richard M. Cieri | rcieri@kirkland.com |
| M. Natasha Labovitz | nlabovitz@kirkland.com |
| **KIRKLAND & ELLIS, LLP** | |
| 153 East 53 Street | Telephone: 212.446.4800 |
| New York, NY 10022 | Facsimile: 212.446.4900 |
| – and – | |
| Beth A. Williams | Beth.Williams@kirkland.com |
| Daniel T. Donovan | ddonovan@kirkland.com |
| Matthew E. Papez | mpapez@kirkland.com |
| Jeffrey S. Powell | jpowell@kirkland.com |
| **KIRKLAND & ELLIS, LLP** | |
| 655 15 Street, NW | Telephone: 202.879.5000 |
| Washington DC 20005 | Facsimile: 202.879.5200 |

*Counsel for TOUSA, Inc., et al.,* **Debtors**
- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Patricia A. Redmond | predmond@swmwas.com |
| David C. Pollack | dpollack@swmwas.com |
| **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**, *Local Counsel* | |
| 150 W. Flagler Street, Suite 2200 | Telephone: 305.789.3200 |
| Miami, FL 33130 | Facsimile: 305.789.3395 |
| – and – | |
| Lawrence S. Robbins | lrobbins@robbinsrussell.com |
| Donald J. Russell | drussell@robbinsrussell.com |
| Alan D. Strasser | astrasser@robbinsrussell.com |
| Michael L. Waldman, | mwaldman@robbinsrussell.com |
| Mark A. Hiller | mhiller@robbinsrussell.com |
| **ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP**, | |
| 1801 K Street, Suite 411-L | Telephone: 202-775-4500 |
| Washington, DC 20006 | Facsimile: 202.775.4510 |

*Fraudulent Conveyance Adversary Proceeding Special Counsel*
*Counsel for Official Committee of Unsecured Creditors of TOUSA, Inc., et al,* **Plaintiff / Appellee**
- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Allan E Wulbern | awulbern@smithhulsey.com |
| Stephen D. Busey | busey@smithhulsey.com |
| **SMITH HULSEY & BUSEY** | |
| 225 Water Street, Suite 1800 | Telephone: 904.359.7700 |
| Jacksonville, FL 32202 | Facsimile: 904.359.7708 |
| – and – | |
| Amy D. Harris | aharris.ecf@srbp.com |
| Richard Craig Prosser | rprosser@srbp.com |
| **STICHTER, RIEDEL, BLAIN & PROSSER, P.A.** | |
| 110 East Madison Street, Suite 200 | Telephone: 813.229.0144 |
| Tampa, FL 33602-4718 | Facsimile: 813.229.1811 |
| – and – | |
| Joseph H. Smolinsky | joseph.smolinsky@weil.com |
| **WEIL GOTSHAL** | |
| 767 Fifth Avenue | Telephone: 212.310.8767 |
| New York, NY 10153 | Facsimile: 212.310.8007 |
| – and – | |
| Thomas J. Hall | thall@chadbourne.com |
| Seven R. Rivera | srivera@chadbourne.com |
| Thomas J. McCormack | tmccormack@chadbourne.com |
| **CHADBOURNE & PARKE LLP** | |
| 30 Rockefeller Plaza | Telephone: 212.408.5100 |
| New York, NY 10112 | Facsimile: 212.541.5369 |

*Counsel for Citicorp North America, Inc., in its capacity as Administrative Agent for the First Lien Revolver and First Lien Term Loan Credit Agreement*, **Defendant / Appellant**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Scott L. Baena | sbaena@bilzin.com |
| Jeffrey I Snyder | jsnyder@bilzin.com |
| **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**, *Local Counsel* | |
| 200 S. Biscayne Blvd., Suite 2500 | Telephone: 305.374.7580 |
| Miami, FL 33131 | Facsimile: 305.374.7593 |

*Co-Counsel to Wells Fargo, as Successor Administrative Agent under that Certain Second Lien Term Loan Credit Agreement, and an Informal Group of Holders of Second Lien Term Loan Lenders*, **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| Evan D. Flaschen | evan.flaschen@bgllp.com |
| Gregory W. Nye | gregory.nye@bgllp.com |
| Richard Whiteley | richard.whiteley@bgllp.com |
| Daynor M. Carman | daynor.carman@bgllp.com |
| **BRACEWELL & GIULIANI LLP** | |
| 225 Asylum Street, Suite 2600 | Telephone: 860.947.9000 |
| Hartford, CT 06013 | Facsimile: 860.246.3201 |

| | |
|---|---|
| – and – | |
| David M. Levine | dml@LKLlaw.com |
| Lawrence A. Kellogg | lak@LKLlaw.com |
| Robin J. Rubens | rjr@LKLlaw.com |
| Jeffrey C. Schneider | jcs@LKLlaw.com |

**LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP**
201 South Biscayne Blvd.
Miami Center – 34th Floor          Telephone: 305.403.8788
Miami, FL   33131                   Facsimile: 305.403.8789

*Local Counsel to several members of an Informal Group of Holders of Second Lien Term Loan Lenders*, **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| John H. Genovese | jgenovese@gjb-law.com |
| Paul J. Batista | pbattista@gjb-law.com |

**GENOVESE JOBLOVE & BATTISTA, P.A.** , *Local Counsel*
100 SE 2 Street, 44 Floor           Telephone: 305.349.2300
Miami, FL   33131                   Facsimile: 305.349.2310
– and –
David S. Rosner                     drosner@kasowitz.com
Andrew K. Glenn                     aglenn@kasowitz.com
**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
1633 Broadway                       Telephone: 212.506.1700
New York, NY   10019

*Counsel to Aurelius Named-Entities, GSO Named-Entities, and Carlyle Strategic Partners (collectively, the "Noteholders"),* **Defendants / Appellants**

- - - - - - - - - - - - - - - - - - - - - - - -

Ceci Culpepper Berman               cberman@fowlerwhite.com
**FOWLER WHITE BOGGS BANKER**
501 E. Kenneth Blvd., Suite 1700    Telephone: 813.222.1136
Tampa, FL   33602                   Facsimile: 813.229.8313
– and –
Aaron D. VanOort                    avanoort@faegre.com
Melina K. Williams                  mwilliams2@faegre.com
Stephen M. Mertz                    smertz@faegre.com
**FAEGRE & BENSON LLP**
90 South Seventh Street, #2200      Telephone: 612.766-7000
Minneapolis, MN   55402             Facsimile:
– and –
Nancy A. Copperthwaite              Nancy.Coppeerthwaite@akerman.com
**AKERMAN SENTERFITT**, *Local Counsel*
1 SE 3rd Avenue, 25th Floor         Telephone: 305.374.5600
Miami, FL   33131                   Facsimile: 305.374.5095
– and –

Michael I. Goldberg  michael.goldberg@akerman.com
**AKERMAN SENTERFITT**, *Local Counsel*
350 East Las Olas Blvd., Suite 1600  Telephone: 954.463.2700
Fort Lauderdale, FL 33301-2229  Facsimile: 954.463.2224
– and –
Andrew M. LeBlanc  aleblanc@milbank.com
Andrew Beirne  abeirne@milbank.com
Atara Miller  amiller@milbank.com
Alan J. Stone  astone@milbank.com
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza  Telephone: 212.530.5287
New York, NY 10005  Facsimile: 212.530.5219 or 212.822.5057

*Counsel for the "Senior Transeastern Lenders,"* **Defendants**
- - - - - - - - - - - - - - - - - - - - - - - -

Meghan McCurdy  mmccurdy@whitecase.com
David G. Hille  dhille@whitecase.com
**WHITE & CASE LLP**
1155 Avenue of the Americas  Telephone: 212.819.8200
New York, NY 10036  Facsimile: 212.354.8113

*Counsel for Deutsche Bank Trust Company Americas, Highland Named-Entities, Jasper CLO Ltd., Loan Funding VII LLC, Quadrangle Master Funding Ltd.*
- - - - - - - - - - - - - - - - - - - - - - - -

Jennifer Gertrude Altman  jaltman@bsfllp.com
**BOIES SCHILLER & FLEXNER LLP**
100 SE 2nd Street, #2800  Telephone: 305.539.8400
New York, NY 10036  Facsimile: 305.539.1307
– and –
Eric J. Brenner  ebrenner@bsfllp.com
Philip C. Korologos  pkorologos@bsfllp.com
**BOIES SCHILLER & FLEXNER LLP**
575 Lexington Avenue, 7th Floor  Telephone: 212.446.2315
New York, NY 10036  Facsimile: 212.446.2350

*Counsel for Monarch Master Funding Ltd., Trilogy Portfolio Company, LLC*
- - - - - - - - - - - - - - - - - - - - - - - -

Steven D. Schneiderman  steven.d.schneiderman@usdoj.gov
**OFFICE OF THE UNITED STATES TRUSTEE**
51 SW 1st Avenue, Suite 1204
Miami, FL 33130